Eble v. Criterion Insurance Company, Appellant.

Argued June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Gordon G. Erdenberger,* with him *Power, Bowen & Valimont,* for appellant.

*Harry J. Glosser, Jr.,* with him *Timby & Godwin,* for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that the lower court erred in refusing to open a default judgment entered in favor of the appellee. The appellee, Harry W. Eble, Jr., entered into an automobile insurance contract with the appellant Criterion Insurance Company (hereinafter Criterion) to cover the period from April 24, 1971 to April 24, 1972. On January 15, 1972, the appellee received a notice, dated December 21, 1971, stating that appellee's insurance was cancelled as of January 13, 1972 for failure to pay a premium. In response to this notice, the appellee sent the appellant a check for the unpaid premium on January 21st. On February 5, 1972, Eble was involved in an automobile accident which he reported to Criterion's Jenkintown office two or three days later. Despite this notification, appellant cashed the late premium check at its Washington, D. C. headquarters on February 11, 1972. Approximately one month later, the appellant notified the appellee that his policy had been cancelled on January 13, that a new policy would not be issued, and that appellant denied coverage for the accident.

On April 13, 1972, in Bucks County, the appellee filed a complaint in assumpsit which appellant received eight days later. The appellee sought to recover for damages done to his automobile plus indemnification for any losses arising out of legal action stemming from the accident. Following the filing of the entry of appearance by appellant's attorney on April 26, 1972, the appellee agreed to give the appellant additional time in which to answer the complaint.[1] After the twenty day period for answer had expired, appellee's counsel orally requested on May 16th and May 25th that Criterion file an answer. Since no answer had been filed by June 27, 1972, the appellee in compliance with local rules gave the appellant written notice by certified mail that a default judgment would be taken within seventy-two hours unless an answer was filed. This notice was received June 29th at which point the appellant requested an "extension of the deadline for a day or two to allow an answer to be filed." The appellee again granted appellant's request for an extension and gave him until July 5th to comply. On July 6, 1972, the appellee took a default judgment as no answer had been filed. The next day, Criterion answered the complaint alleging that the appellee was not insured on the day of the accident. A petition to open the judgment was then filed on July 12th.

The deposition of appellant's attorney reveals that counsel possessed the information necessary to file the answer approximately twenty days prior to the entry of the default judgment. Indeed, Criterion's counsel sent the answer to the Jenkintown office on June 29th and requested verification by the proper company official. When the papers were not returned by July 5th, counsel contacted appellant and learned that the papers

---

[1] Normally, a defendant has twenty days to answer such a pleading. Pa. Rules of Civil Procedure—Rule 1026.

had been mislaid in the mailroom for a short time. Whereupon counsel recommended that the answer be verified and either hand delivered or mailed special delivery to him so that he could file it by the deadline. The appellant disregarded this advice and returned the verification by certified mail which arrived July 7th, a day after the default judgment had been taken.

"[A] petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear [or failure to answer a complaint in the prescribed time] can be excused. A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A. 2d 128 (1971) (footnote and citations omitted). In the instant appeal, the court below concluded that the third requirement had not been met. Since we agree with that determination, there is no need to decide whether or not the first two requirements were met.

In essence, defense counsel offered two reasons to justify the delay in filing the answer: (1) He did not expect appellee's counsel to literally comply with the deadline; (2) Criterion had to examine voluminous records before being able to discover the information needed to answer the complaint. Neither of these is a sufficient reason to justify opening a default judgment. Although Eble's counsel was courteous and gave Criterion an extended period of time in which to answer the complaint, the appellee did not waive his right to enter a default judgment. " 'The exercise of generosity does not create a binding obligation for its continuance.' " *Triolo v. Coca Cola Bottling Company*, 440 Pa.

164, 167, 270 A. 2d 620 (1970). Since appellee's counsel neither lulled the appellant into believing that no judgment would be taken nor made a "studied attempt" to take a default judgment, *Triolo v. Coca Cola,* supra, there is no reason to open the judgment on this contention. Furthermore, Criterion did not need the time to examine its records. If the appellant had complied with its counsel's request to promptly return the answer to him, the response would have been filed in the required time. The courts will not reward an insurance company for negligent conduct where it has had eighty days to respond to a complaint which should have been answered in twenty days. "When the burdens of making a profit become too heavy . . . strong arguments favor holding an enterprise accountable as a cost of doing business." *Balk v. Ford Motor Company,* supra, 446 Pa. at 143. Thus, there is no equitable basis on which to predicate a reversal of the lower court. Since the lower court's decision not to open the judgment "was authorized by law and supported by the facts we are unable to find an abuse of discretion on the [lower] court's part." *Criscuolo v. Moore Farms, Inc.,* 222 Pa. Superior Ct. 323, 326, 294 A. 2d 895 (1972).

Accordingly, the lower court's order must be affirmed.