## Forest County Solid Waste Authority v. Certain Parcels of Land (No. 1)

*Joseph Altomare,* for plaintiff.
*Stephen Hutzelman,* for defendants.


WOLFE, *P.J.*, January 19, 1975—Petitioners, Emma M. Eck, Gordon R. Eck, Robert V. Ruhlman and Mildred P. Ruhlman, bring this petition individually and as representatives of all persons similarly affected either to strike or, in the alternative, to open judgments entered against them by the Forest County Solid Waste Authority.

We have, by prior opinion, held, because of the nature of the case concerning the dispute between the Forest County Solid Waste Authority ("authority") and numerous property owners of Forest County, no true or hybrid class action exists and thus we will consider the issue raised by petitioners in their individual capacity only.

The authority filed municipal claims against approximately 4,200 properties located within the county affecting several hundred persons as own-

ers for nonpayment of solid disposal services rendered by the authority.

Following the filing of the claim by the authority, petitioners notified the authority to issue a scire facias sur municipal claim within 15 days after service of the notice upon it in their effort to have the lien stricken from their property all in accordance with section 16 of the Act of May 16, 1923, P. L. 207, 53 P.S. §7184 of the Municipal Claims and Liens Act. Thereafter, the authority sued out its writ of scire facias sur municipal claim and directed petitioners to file an affidavit of defense to the claim by the following relevant language, inter alia, in accordance with section 17 of the act:

". . . [Y]ou are hereby notified to file your affidavit of defense to said claim, if defense you have thereto, in the office of the prothonotary of our said court, within fifteen days after the service of this writ upon you. If no affidavit of defense be filed within said time, judgment may be entered against you for the whole claim, and the property described in the claim be sold to recover the amount [due plus all costs incident thereto] . . ."

Petitioners agree no service of their affidavit of defense was made upon the authority or counsel for the authority; however, counsel for the authority has stipulated the affidavit of defense was, in fact, filed in the prothonotary's office within the 15-day period.

Because no service of the affidavit of defense was made upon the authority or counsel for the authority, the authority entered judgment by default on its scire facias sur municipal claim. It is the position of the petitioners that the judgments entered against them were improper for this reason alone. We agree.

The authority argues, despite the filing of the affidavit of defense within the time permitted, service thereof must be perfected within that period upon the authority or its counsel of record. The authority argues strongly that section 35 of the act providing for the return of rules is applicable in the instant case, providing:

"Any rule granted under the provisions of this act may be made returnable at such time as the court may direct, either therein or by rule of court, or by special or standing order. All petitions, answers, and replications shall be under oath or affirmation. Answers must be filed and served within fifteen days after service of the petition, and rules and replications must be filed within fifteen days after service of the last of the answers. Replications may be confined to a reply to new matter set forth in the answers.": 53 P.S. §7189.

The authority's efforts to make application of the grace of the court in granting a rule under section 35 to the statutory right of the authority to enter a municipal claim and the statutory right of the property owner to file an affidavit of defense thereto is not acceptable. Section 35 must be read in conjunction with section 34, providing for amendments to claims, etc., opening of default judgments, providing, inter alia:

"Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended, from time to time, by agreement of the parties, or by leave of the court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or

wrongfully stated in the particulars as to which amendment is desired . . .

"The court may, for cause shown and filed of record, enlarge the time for filing the affidavit of defense, answer or replication, for issuing a scire facias or for entering security, by rule or special or standing order; and any judgment by default may be opened by the court, upon cause shown by intervenors or other defendants, as in other cases . . ."

This section clearly permits the amendment of claims and affidavits of defense or to extend the time for doing so, except no enlargement of the time for issuing a scire facias shall extend the same beyond the time in the act provided for preserving or retaining a lien; and section 35 mandates the procedure to be followed when the court grants any rules petitioned to it under section 34. Indeed, section 36 provides the method for the service of the notices, petitions and rules by providing that service shall be made upon counsel for the parties interested or upon the parties themselves in the manner bills of equity are served, or upon the owner by leaving a copy with the party in possession of the real estate, etc.

These latter sections, in our opinion, cannot be forged into the language of section 17 providing for the form of scire facias and containing therein the notice to defendant to file an affidavit of defense and, in default thereof, a judgment may be entered.

Nor can we accept the authority's argument that the language of the Pennsylvania Practice Act of May 14, 1915, P. L. 483, as amended, 12 P.S. §411, applies or is appropriate for the reason, as petitioners argue, it was suspended by Pa. R.C.P. 1026, providing for time of filing pleadings with notice to

plead, and Rule 1027 providing for service of copies, both effective January 1, 1947. Under the Practice Act of 1915, the legislative words of art, "Affidavit of Defense," was not followed in the adoption of Rules of Civil Procedure by the Act of June 21, 1937, P. L. 1982, as amended, and, therefore, the authority's argument that defendant must file an affidavit of defense to the statement of claim within 15 days and must serve it upon plaintiff or his attorney is not applicable except as the procedure is retained in the Municipal Claims and Liens Act of May 16, 1923, P. L. 207.

Pa. R.C.P. 1037(b), effective July 1, 1975, provides the prothonotary, on praecipe of plaintiff, shall enter judgment against defendant for failure to file within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by defendant's pleadings, provided there is a proper notice to plead endorsed on the complaint. Neither the Municipal Claims and Liens Act nor the Rules of Civil Procedure permit the entry of judgment in favor of plaintiff because the affidavit of defense was not served upon the opposing party. The purpose of service upon counsel or a party is simply to give notice that the act has been done as contrary to vindicating the mandate and authority of the court to do an act within the time therein set by the court when the court grants a rule as a matter of grace.

An inquiry of the prothonotary should have prevented the praecipe to enter judgment by the authority as the crucial act is the filing of the defense, not the service thereof. If this were not so, counsel or a party to an action could elude or refuse service

for the appropriate length of time (here 15 days) and, by such conduct, acquire a default judgment.

The opening of a judgment, as section 34 of the Municipal Claims and Liens Act provides, is within the sound discretion of the court and a petition to open is an appeal to the court's equitable powers to be exercised when three factors coalesce: (1) The petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear or failure to answer a complaint in the prescribed time can be excused: Eble v. Criterion Insurance Company, 225 Pa. Superior Ct. 1359, 310 A.2d 418 (1973).

In the instant case, the default judgment was taken on November 13, 1975, and the petition to open was filed November 20, 1975. As we conclude the default judgment should not have been entered initially for the reasons we have discussed, it will be opened rather than stricken and the issue resolved on the merits as to these petitioners, and we, therefore, enter the following

ORDER

And now, January 19, 1975, petition of Emma Eck and Gordon R. Eck, Robert V. Ruhlman and Mildred P. Ruhlman to open a judgment taken against them is granted and they are directed, either personally or by their counsel, to serve a copy of their affidavit of defense upon the authority or its counsel within seven days of the date of the filing this within order.