594 A.2d 345

**Jack FINK t/a Jack Fink Fish & Seafood,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 18, 1991.

Filed July 11, 1991.

Michael A. Genello, Scranton, for appellant.

Kevin Dempsey, Scranton, for appellee.

Before MONTEMURO, BECK and TAMILIA, JJ.

MONTEMURO, Judge:

Plaintiff-appellee Jack Fink, trading as Jack Fink Fish and Seafood, instituted this action against appellant, General Accident Insurance Company (hereinafter "General Accident"), to recover insurance proceeds for property damage sustained by plaintiff's business premises when an automobile crashed into the building; the complaint also includes a claim for loss suffered by theft when the building was burglarized approximately one week after the car accident. General Accident joined additional defendant, Gladys Wills, alleging that Wills was the driver of the automobile which caused the property damage and that General Accident therefore has a right of contribution against Wills. General Accident raises one issue on this appeal: whether the trial court abused its discretion in denying General Accident's petition to open a default judgment.[1] For the following reasons, we reverse.

The trial court aptly summarized the procedural background as follows:

1. In a related appeal, General Accident challenges the trial court's dismissal of the complaint filed against additional defendant, Gladys Wills, the driver of the automobile. *See* No. 02483 Philadelphia 1990.

... On September 13, 1989, a complaint was filed, and upon receipt of that complaint, an agent of [General Accident] contacted counsel for Fink and requested an extension of time to file an answer. An extension was granted, and counsel for Fink gave General Accident until October 31, 1989 to file its answer. The defendant confirmed this agreement in writing by way of a letter dated September 18, 1989. Although no additional extension was requested or discussed, the defendant failed to file its answer by the agreed-to date; the following day, Fink filed a praecipe to enter a default judgment. The defendant subsequently filed with this Court its answer and new matter, as well as the petition before us today; these documents were respectively filed on November 3 and 6 of 1989.

Trial Court Opinion, April 5, 1990 at 1–2. Following the trial court's denial of the petition to open or strike the default judgment, General Accident filed a motion for reconsideration on April 23, 1990. The trial court did not rule on the motion for reconsideration prior to May 4, 1990; in order to preserve its appellate rights, General Accident filed a timely notice of appeal to this court on May 4, 1990 from the April 5, 1990 order denying the petition to open the default judgment. On July 25, 1990, the trial court reconsidered its previous order denying the petition to open default judgment and ordered that the default judgment be opened, thereby allowing General Accident to defend the case on its merits. Plaintiff Fink filed a petition for interlocutory appeal which this Court granted. In a *per curiam* opinion, this Court reinstated General Accident's appeal of the April 5, 1990 order, holding that the trial court was without jurisdiction to enter the July 25, 1990 order in which the court reconsidered its April 5th order. Presently before us is General Accident's appeal from the denial of its petition to open the default judgment.

A petition to open a default judgment is an appeal to the equitable powers of the court and will be granted where the court finds that three factors are met: (1) the

petition has been promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. *Miller Block Co. v. U.S. National Bank in Johnstown,* 389 Pa.Super. 461, 567 A.2d 695 (1989), *appeal denied,* 525 Pa. 658, 582 A.2d 324 (1990), *citing Versak v. Washington,* 359 Pa.Super. 454, 519 A.2d 438 (1986). The decision to deny the petition will not be reversed absent an abuse of discretion.

Importantly, this Court has stated:

"Without question, in many cases where we have found that one of the three requirements for opening a judgment was not met we have stopped without considering the arguments made with regard to the other two. [Citations omitted.] It is difficult, however, to reconcile this approach with the many other cases that emphasize the equitable nature of the decision whether to grant a petition to open, and the importance of balancing the prejudice to the sides.... The question is, Can a court make an "equitable determination" of what is "reasonable under the circumstances" without considering *all* of the circumstances of the particular case? We think not ... [W]here some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a watertight compartment, to be evaluated in isolation from other aspects of the case. Instead the court should consider each part in the light of all of the circumstances and equities of the case. Only in that way can a chancellor act as a court of conscience.

*Miller Block, supra* 389 Pa.Super. at 469–70, 567 A.2d at 699–70, *quoting Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 129–130, 446 A.2d 257, 263–264 (1982) (en banc).

█ The trial court found that General Accident's petition to open the default judgment was timely filed, as the petition was filed on November 6, 1989, five days after the default judgment was entered. Neither party disputes the timeliness of the filing of the petition.

The trial court also found that General Accident has asserted a meritorious defense to Fink's underlying claim. In its answer to the complaint, General Accident alleges that its failure to honor Fink's claim for coverage under the policy stems from Fink's failure to comply with the appraisal provision of the policy and Fink's failure to provide the proper documentation of the losses stemming from the burglary, that is, proof of purchase of inventory. In addition, General Accident alleges that the trial court lacks jurisdiction due to improper service of the complaint, and that Lackawanna County is not the proper venue for this case, as the accident occurred in Luzerne County. As the " 'requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief,' " we agree with the trial court that General Accident has sufficiently alleged a meritorious defense. *Miller Block, supra* 389 Pa.Super. at 471, 567 A.2d at 700, *quoting Provident Credit Corp., supra* 300 Pa.Super. at 128, 446 A.2d at 263.

With regard to whether General Accident had provided a reasonable explanation or excuse for the default, the trial court initially determined that General Accident had not met its burden of proof. The court stated:

... The defendant, who requested and without difficulty received but one extension of time from the plaintiff, did not file its answer within that extended time period, and apparently was fully aware that because of a clerical delay, the answer would not be filed by October 31, a date of mutual agreement. Cognizant of this looming difficulty, General Accident neither conveyed this problem to the plaintiff nor requested an additional extension of time, choosing to do nothing and file its responsive pleading several days beyond the already extended deadline.

While the argument has been presented to us that counsel for plaintiff acted in less than fair manner in moving to enter a judgment almost immediately after the October 31 deadline had passed, we cannot recognize or infer any impropriety from the swift action taken on

behalf of Fink, whose claim for losses remains unpaid to this day.

Trial Court Opinion, April 5, 1990 at 3. The court cited *Eble v. Criterion Insurance Co.,* 225 Pa.Super. 159, 310 A.2d 418 (1973) in support of its conclusions.

We must conclude that the trial court's analysis is defective, as the court failed to weigh all of the equities posed by all of the circumstances of this case. The court did not balance the prejudice to the two sides. Although the court recognized the fault with its initial decision and rendered an opinion in reconsideration whereby the court would have opened the default judgment, this revelation on the part of the trial court came too late, as General Accident had already filed its notice of appeal to this Court, thereby divesting the trial court of jurisdiction in this matter.

In its petition to open the default judgment, General Accident sets forth the circumstances which led to the delay in filing its answer; in support of its factual allegations, General Accident also attached to its petition the supporting affidavit of Ms. Karen Bell, a claims representative at General Accident. In its answer to the petition, Fink denied the truth of some of these allegations, thereby creating issues of material fact. Rather than take depositions on the issues of material fact, General Accident requested argument on the petition.

■■■  Fink argues that under our holding in *Central Penn National Bank v. Williams,* 362 Pa.Super. 229, 523 A.2d 1166 (1987), we must disregard those factual averments in the petition which Fink has denied in its answer. We agree that *Central Penn* requires us to disregard some of the factual averments set forth in the petition, as General Accident failed to prove the disputed facts through the taking of deposition testimony. In *Central Penn,* we held that where "the respondent effectively denies material allegations set forth in a petition to open, the petitioner must support its position with clear and convincing proof" by taking depositions on the disputed factual issues. *Id.,* 362 Pa.Superior Ct. at 232, 523 A.2d at 1167, *quoting Lazzarot-*

*ti v. Juliano,* 322 Pa.Super. 129, 469 A.2d 216 (1983). Where, as here, the petitioner orders the cause for argument without the taking of depositions, we must accept as true the facts pleaded in the respondent's answer to the petition.

We note, however, that Fink admitted some of the factual averments set forth in General Accident's petition, and on the basis of those admitted facts, read in light of our holding in *Miller Block,* we conclude that General Accident has sufficiently shown that the equities in this case require the opening of the default judgment.

The allegations set forth in the petition which were admitted by Fink, together with the docket entries, establish the following relevant information. The complaint was filed in the court of common pleas and mailed to General Accident on September 13, 1989. Prior to the entry of appearance by counsel for General Accident, Fink's attorney and General Accident agreed to extend the time in which to file an answer until October 31, 1989. Thus, General Accident was granted four extra weeks in which to file its answer, as under the rules of civil procedure, an answer must be filed within 20 days after service of the complaint. *See* Pa. R.C.P. 1026(a). General Accident failed to file an answer by October 31, 1989, and on November 1, 1989, Fink entered a default judgment against General Accident. The entry of the default judgment occurred without any prior notice to General Accident or to General Accident's counsel. Despite a timely request, Fink has refused to strike the default judgment. General Accident filed its answer on November 3, 1989, three days after the date for filing set by the parties' agreement.

In *Miller Block,* the parties agreed that the defendant Bank had an extension to file a responsive pleading by October 6, 1987. On October 7, 1987, one day after the date for filing had expired, default judgment was entered against the Bank. The Bank's sole explanation for the default was lack of adequate notice of the plaintiff's intent to take a default judgment. This Court noted that actual notice of the intent to take a default judgment was not

necessary under the circumstances of the case; the Court reasoned that under Pa.R.C.P. 237.1, where a written agreement exists between the parties to extend the filing date, the usual requirement of Rule 237.1 that the party be given notice of the intent to file the default judgment at least 10 days prior to the date of the filing of the praecipe did not apply. However, although the Court in *Miller Block* noted that lack of adequate notice of the intent to take a default judgment, standing alone, was insufficient to warrant striking the judgment, the Court held that in view of all of the equities of the case, there was a reasonable excuse for the default. The Court relied on the fact that the plaintiffs, who were aware that the defendant Bank intended to defend against the claims asserted, entered a default judgment immediately upon the termination of the extension period. *Id.* 389 Pa.Super. at 472, 567 A.2d at 701.

As we perceive no substantial difference between the facts of this case and those posed by *Miller Block,* we also conclude that the equities here demand the opening of the judgment. Fink was well aware that General Accident intended to defend the case on the merits, as prior to filing of the complaint, General Accident had demanded proof of purchase of the allegedly stolen inventory, and had demanded that Fink comply with the appraisal provisions of the insurance contract. After service of the complaint, counsel for Fink and General Accident's claims supervisor agreed to the extension of time in which to file the answer. In a letter confirming this agreement, the claims supervisor stated:

... We also need proof of purchase for this inventory claimed. Your client must keep records of place and date of purchase, this is important in properly evaluating this claim. As you are aware, the photocopies which are attached to this complaint are the first supportive documents which we have received concerning the inventory claim. We need better documentation and clearer copies.

Praecipe to Enter Judgment, Exhibit "A." We also note that four months before the filing of the complaint, General

Accident had issued a settlement draft to Fink in the amount of $14,548.85, representing General Accident's estimate for the damage caused by the automobile accident. Fink apparently returned this draft to General Accident. As General Accident had made Fink well aware of the reasons for General Accident's failure to honor the claim, we conclude that Fink knew that General Accident intended to defend the case on its merits. Nevertheless, Fink entered the default judgment immediately upon termination of the extension period, without notifying General Accident or its attorney that Fink was going to take a default judgment. In *Miller Block*, we held that the entry of a default judgment under these circumstances was a misuse of the default judgment procedure: " 'The rules permitting the entry of default judgments were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation.' " *Id.*, 389 Pa.Superior Ct. at 472, 567 A.2d at 701, *quoting, Bildstein v. McGlinn*, 320 Pa.Super. 416, 420, 467 A.2d 601, 603 (1983).

In consideration of the prejudice to the two sides, we find that the prejudice to General Accident in denying the petition to open outweighs the prejudice to Fink in granting the petition to open. The answer was filed three days after the agreed-upon date for the extension. Even before the filing of the answer, Fink was aware of General Accident's defenses. We fail to perceive what, if any, prejudice will be suffered by Fink by the opening of the default judgment. On the other hand, General Accident will be greatly prejudiced by a denial of the opening of the default judgment, as General Accident will be denied any opportunity to proceed to a final resolution of the case on its merits; as noted above, General Accident has averred a meritorious defense to Fink's claims.

In view of all of the circumstances of this case, including the three factors which we are to consider along with the prejudice to the parties, we conclude that the equities

require opening of the default judgment and thus the trial court abused its discretion in denying General Accident's petition to open or strike the default judgment.

Order reversed. Default judgment opened and case remanded for further proceedings. Jurisdiction is relinquished.