**J.C. Hershey Inc. v. Lustig**

C.P. of Bucks County, no. 93-5459-14-1.

*Bohdan J. Zelechiwsky,* for plaintiff.
*Alan L. Director,* for defendants.

BIESTER, *J.,* January 24, 1997—We write this opinion pursuant to a petition to strike default judgment or, in the alternative, to open default judgment, and for stay of execution. We begin with a brief summary of the facts:

The plaintiff, J.C. Hershey Inc., is a corporation that constructs and remodels residential structures. Sometime in December of 1989, the defendants, the Lustigs, asked the plaintiff to build them a new home. The parties agreed that the plaintiff would be paid on a time and materials basis according to the normal terms which they had followed when the plaintiff performed work for the defendants' family business. The plaintiff had been performing construction services for that busi-

ness for over 20 years. The parties to this suit never drafted a written contract.

Plaintiff began construction on the home in May of 1990. In February of 1991, defendants requested the plaintiff to cease construction on the house on the predicate that they were very dissatisfied with the work that was being done. After the order to cease construction, plaintiff sent a bill to defendants for monies owed. Defendants did not pay the amount due, and plaintiff commenced the instant lawsuit. Plaintiff filed a complaint on June 28, 1993. The complaint was served on the defendants on July 12, 1993. Counsel for defendants requested additional time to answer the complaint. Plaintiff's attorney agreed to extend the deadline until August 31, 1993. Before this deadline, defendants' attorney requested another extension. By letter dated September 3, 1993, plaintiff's attorney extended the deadline until September 13, 1993. Despite these two extensions of time, no responsive pleading was ever filed by counsel for the defendants. On September 23, 1993, the plaintiff filed a praecipe for default judgment. Default judgment was entered in favor of the plaintiff on September 23, 1993 in the amount of $66,843.32.

On October 14, 1993, the defendants filed a petition to strike default judgment, or in the alternative to open default judgment, and for stay of execution. After a thorough review of the record in this case and the pertinent case law, we must deny the petition.

Three factors must be taken into consideration when reviewing a petition to open default judgment: (1) whether the petition was promptly filed; (2) whether there is a meritorious defense to the underlying claim; and (3) whether there is a reasonable explanation for the default. *Fink v. General Accident Insurance Co.,* 406 Pa. Super. 294, 594 A.2d 345 (1991); *Miller Block Co. v. U.S. National Bank in Johnstown,* 389 Pa. Super. 461, 567 A.2d 695 (1989), *appeal denied,* 525 Pa. 658,

582 A.2d 324 (1990). While the decision to deny the petition will not be reversed absent an abuse of discretion, where the equities warrant opening a default judgment, the court will not hesitate to find an abuse of discretion. *Provident Credit Corporation v. Young,* 300 Pa. Super. 117, 124, 446 A.2d 257, 261 (1982) (en banc). What this means is that the trial court must consider each part of the test in light of all circumstances and equities of the case. The petition cannot be dismissed on a mere cursory review of the record and a finding that one of the elements has not been met. Given the equitable nature of the proceedings, the court must review the record as a whole and consider each element in its entirety before deciding on a petition to open default judgment.

The first element for our consideration is whether the defendants promptly filed the instant petition. There is no dispute that the petition was promptly filed. Default judgment was entered against the defendants on September 23, 1993, and defendants filed the subject petition just a few weeks later on October 14, 1993.

The second element for our consideration is whether defendants assert a meritorious defense to the underlying claim. We find that defendants have alleged a meritorious defense(s) to the underlying claim. A meritorious defense is any defense which is pleaded by the party and if proved at trial would justify relief. *Fink, supra* at 298, 594 A.2d at 347; *Miller Block, supra* at 471, 567 A.2d at 700; *Provident Credit, supra* at 128, 446 A.2d at 263. Defendants allege that they had plaintiff stop work on the house because the plaintiff exceeded the allowed budget, exceeded the completion deadline, and provided poor quality craftsmanship on the portions of the house that were done. As a result, defendants maintain that plaintiff breached various oral agreements and warranties. Such defenses, if proved at trial, would entitle the defendants to relief. Thus, defendants have

alleged a meritorious defense(s) and satisfied the second element of the tripartite test.

The third element for our consideration is whether defendants have a reasonable excuse for the default. Defendants have not provided this court with a reasonable excuse for their default. Plaintiff commenced this action by filing a complaint on June 28, 1993. Thereafter, plaintiff's attorney granted defendants two extensions of time in which to file a responsive pleading. The final date set for the filing of a responsive pleading was September 13, 1993, a full 77 days after the original complaint was filed. This date was acknowledged by defendants' counsel as the cut-off date in a letter from him to plaintiff's counsel dated September 1, 1993, however, defendants never filed a responsive pleading. On September 23, 1993, 10 days after the extension date, plaintiff moved for a default judgment which was entered in its favor on that day. Defendants' excuse for not filing any responsive pleading is that they made a mistake of law by anticipating that plaintiff would forward them notice of their intention to enter default judgment pursuant to Pa.R.C.P. 237.1. Defendants maintain that counsel's error was not a deliberate intention not to defend the suit, but rather, defendants' counsel advised plaintiff's counsel of their intention to defend and even had a discussion on the merits of the case.

We begin our discussion with a review of the pertinent case law. In *Castings Condominium Association Inc. v. Klein,* 444 Pa. Super. 68, 663 A.2d 220 (1995), the defendant contended that his failure to answer the plaintiff's complaint was "totally excusable" because plaintiff's counsel agreed to notify defendant's counsel prior to filing a praecipe for entry of default judgment. Defendant maintained that there was a common understanding between the parties created by a letter from defendant's counsel to plaintiff's counsel in which defendant's counsel "assumed" that the plaintiff would

not file judgment at that time. The Superior Court found the defendant's reliance on the letter unwarranted stating that plaintiff's counsel never agreed to notify defendant's counsel before seeking default judgment. See also, *McEvilly v. Tucci,* 239 Pa. Super. 474, 362 A.2d 259 (1976) (Superior Court found that defendant unjustifiably relied upon the plaintiff's lack of response to defendant's letter containing the assumption that plaintiff would not require an answer or enter default judgment).

In *Commonwealth v. Fink, supra,* the Superior Court reversed the lower court's order denying the petition to open default judgment. The Superior Court concluded that the plaintiff knew that the defendant intended to defend the case on its merits, but nevertheless entered default judgment immediately upon expiration of the extension period without notice to the defendant. Defendant filed an answer three days after the agreed upon date for an extension, but the plaintiff entered default judgment just one day after expiration of the extension period. This case is distinguishable from *Fink.* In this case, plaintiff's attorney waited 10 days after expiration of the extension period before entering default judgment. Defendants still did not file a responsive pleading within this 10-day time period. While of minimal significance, we note that no responsive pleading has been filed by the defendants to date. All the court has been provided with is a set of proposed preliminary objections to the plaintiff's complaint. These proposed preliminary objections were attached to the defendants' petition to open default judgment.

"Whether an excuse is legitimate is not easily answered and depends on the specific circumstances of the case." *Duckson v. Wee Wheelers Inc.,* 423 Pa. Super. 251, 257, 620 A.2d 1206, 1210 (1993), citing *Silverman v. Polis,* 230 Pa. Super. 366, 326 A.2d 452 (1974) (en banc). Among the mistakes of counsel that are inade-

quate to explain his or her failure to answer a complaint is failure to act with knowledge of the implications. *Davis v. Burton,* 365 Pa. Super. 160, 529 A.2d 22 (1987) (court found the party's excuse unreasonable where attorney was aware that an answer was required and of the implications if he should fail to answer the complaint). "The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. . . . " *Tronzo v. Equitable Gas Co.,* 269 Pa. Super. 392, 395, 410 A.2d 313, 315 (1979), quoting *Moyer v. Americana Mobile Homes Inc.,* 244 Pa. Super. 441, 445, 368 A.2d 802, 804 (1976). Dilatory is defined as "Tending or intended to cause delay or to gain time or to put off a decision." Black's Law Dictionary (6th Ed. 1990).

The defendants in this case are exactly the type of dilatory defendants that the rule allowing the entry of default judgment was designed to address. We begin by stating that the process of pleading is not a game. A defendant cannot play around—waiting until the last possible moment to file an answer. When the defendant is put on notice that an answer is due by a specific date, the defendant should file an answer by that date. The defendant cannot sit around and wait for notice that default judgment will be entered before finally filing an answer; to do so would be dilatory. Apparently, defendants were determined to wait until the very last minute before filing an answer to plaintiff's complaint.

Here, defendants' attorney was aware that a responsive pleading was required. He was further aware that the deadline for such a pleading was September 13, 1993, and should he fail to file such a responsive pleading, default judgment could be entered against his client. Furthermore, given the information contained in a letter dated September 3, 1993, from plaintiff's counsel to defendants' counsel, there is no way defendants' counsel

could have believed that he would be sent notice before entry of default judgment. A portion of the contents of that letter is as follows:

"I am in receipt of your letter dated August 31, 1993. I agreed only to a specific extension of time for you within which to file a response to my complaint. My notes indicate I consented to an extension of 13 days, until Monday, September 13, 1993. I will expect a reply from you to the complaint on or before the aforementioned date or *I will proceed accordingly.*

"My client is most anxious to proceed with the matter and I do not have the authorization to grant any additional time to you. Please be guided accordingly." (emphasis added)

This letter was attached to the petition to enter default judgment. Given the tone and clear language of this letter, it was not reasonable for defendants to believe that notice would be given before entry of default judgment. Defendants were fully aware that the new deadline was September 13, 1993. This letter stands as notice that if no responsive pleading was filed as of September 13, 1993, the plaintiff would proceed accordingly by entering default judgment.

Moreover, we note that Pa.R.C.P. 237.1(a)(4) requiring 10 days notice prior to the entry of default judgment was not in effect on September 23, 1993. Rule 237.1 was revised and put into effect on July 1, 1995. Thus, the 10-day rule was not in effect in September of 1993 and no notice was required in relation thereto. Moreover, no notice was required pursuant to old Rule 237.1 because a specific date of September 13, 1993 was clearly set forth for the filing of an answer or responsive pleading. Where "a written agreement exists between the parties to extend the filing date, the usual requirement of Rule 237.1 that the party be given notice of the intent to file the default judgment at least 10 days prior to the date of the filing of the praecipe did not apply."

*Fink, supra* at 301, 594 A.2d at 348; *Miller Block, supra* at 468, 567 A.2d at 699. Thus, plaintiff was not required by rule to give any notice to defendants prior to entry of default judgment.

While it is always unpleasant to deny a defendant his day in court, it is also difficult to reward a defendant who has taken no action in the face of clearly expressed intentions. We cannot find any reasonable excuse for defendants' failure to file a responsive pleading. In all other cases where default judgment was opened, there was something more than we were provided with here. Defendants have simply failed to provide this court with any reasonable excuse for their default. Based on the overall equities of this case, the defendants' petition to open default judgment is denied.

### ORDER

And now, January 24, 1997, upon consideration of defendants' petition to strike default judgment, or in the alternative, to open default judgment and stay execution, plaintiff's response thereto, the respective memorandum of law, and the testimony presented at the hearing on December 18, 1996, it is hereby ordered and decreed that defendants' petition is denied. It is further ordered that the judgment should be calculated with interest at the legal rate.