J-S32031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRY L. SCHMELTZLE  AND ELIZABETH L. SCHMELTZLE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. FRICK | : | |
| | : | No. 319 EDA 2020 |
| Appellant | : | |

Appeal from the Judgment Entered December 10, 2019,
in the Court of Common Pleas of Lehigh County,
Civil Division at No(s):  2019-C-1415.

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED OCTOBER 07, 2020**

Michael J. Frick appeals from the order denying his petition to open the default judgment entered against him in this landlord/tenant dispute.  Upon review, we affirm.

The procedural history of this case is as follows.  On March 27, 2019, Terry L. and Elizabeth L. Schmeltzle ("the Landlords") filed a complaint against their tenant, Frick, with the magisterial district judge seeking compensation in the amount of $3,429.30 for unpaid rent pursuant to their oral lease, damage to the leased premises, and costs of litigation.  Frick represented himself in this matter.  After a hearing, the district judge found in favor of the Landlords.  Frick appealed, and continued to represent himself.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 28, 2019, the Landlords filed their complaint with the Lehigh County Court of Common Pleas. On July 2, 2019, the court scheduled the matter for an arbitration hearing on August 21, 2019. On July 23, 2019, the Landlords sent Frick a ten-day notice of intent to take a default judgment under Pennsylvania Rule of Civil Procedure 237 because he had not filed a response to their complaint. On August 5, 2019, the Landlords filed a praecipe for judgment, and judgment was entered in their favor and against Frick for $3,429.30. Notice of the judgment was sent to Frick the same day.

After obtaining counsel, Frick filed a petition to open the judgment on October 2, 2019. The Landlords filed an answer. The trial court scheduled an evidentiary hearing, which was held on December 5, 2019.

At the hearing, Frick explained that he did not file a response to the Landlords' complaint because he thought he could raise his defenses at the arbitration like he did at the hearing before the district judge. Frick further explained that once he received the judgment, he tried to find a lawyer to represent him. Although he met with two attorneys and contacted the bar association between August 6 and September 16, 2019, he was unable to find someone to handle his case. Ultimately, he retained current counsel.

On December 10, 2019, the trial court denied Frick's petition to open the judgment.

Frick filed this timely appeal. Frick and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Frick raises the following two issues:

A. Did the court commit an abuse of discretion in determining that [Frick's] petition to open was not promptly filed.

B. Did the court commit an abuse of discretion in determining [that Frick] failed to provide a reasonable excuse or explanation for failure to file a responsive pleading.

Frick's Brief at 4.

Generally, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa. Super. 2000) (internal quotation marks and citations omitted). Our standard of review for challenges to a decision concerning the opening of a default judgment is well settled.

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

However, we will not hesitate to find an abuse of discretion if, after our [] review of the case, we find that the equities clearly favored opening the judgment.

An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Id.*

- 3 -

In his appeal, Frick argues that the trial court abused its discretion in finding that he did not satisfy the first and third requirements and denying his petition to open the default judgment against him. First, Frick claims that the trial court erred in concluding that he did not promptly file his petition to open judgment. Specifically, he claims that his 58-day delay in filing his petition was reasonable given that he was unable to find an attorney to represent him. Therefore, according to Frick, the trial court should have found that he satisfied the first requirement for opening his default judgment. Frick's Brief at 17.

> In reviewing this issue, we note:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

*US Bank N.A. v. Mallory*, 982 A.2d 986, 995 (Pa. Super. 2009) (quoting *Castings Condominium Association, Inc. v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995) (citations omitted)). "In cases where the appellate courts have found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month." *US Bank N.A.*, 982 A.2d at 995; *see Duckson v. Wee Wheelers, Inc.,* 620 A.2d 1206 (Pa. Super. 1993) (one day is timely); *Alba v. Urology Associates of Kingston*, 598 A.2d 57 (Pa. Super. 1991) (fourteen days is timely); *Fink v. General*

***Accident Ins. Co.,*** 594 A.2d 345 (Pa. Super. 1991) (period of five days is timely).

Here, the default judgment was entered on August 5, 2019, and notice thereof was provided to Frick on the same date. Frick filed his petition to open the default judgment on October 2, 2019, fifty-eight days later. This is well beyond the usual one-month. However, as noted by Frick, appellate courts have found longer delays to be sufficiently prompt. Therefore, we consider why Frick delayed filing his petition.

The delay in this case was caused by Frick's decision initially to forgo hiring counsel, and handle the litigation on his own. He did this despite having lost the hearing before the magisterial district judge. Once the judgment was entered, which Frick promptly received, he then decided he should obtain counsel, which, not surprisingly, took some time. However, the circumstances are very different than those in ***Sprouse v. Kline-Styer-McCann, Post No. 7155 Veterans of Foreign Wars***, 352 A.2d 134 (Pa. Super. 1975), upon which Frick relies. Like Frick, Sprouse needed time to obtain an attorney. However, the event in question had occurred over six years prior to when Sprouse received notice of the judgment; information needed to be gathered. Moreover, he did not receive the notice of judgment until almost five years after service of process. Given these particular circumstances, this Court found that Sprouse exercised diligence, and a two-month delay in filing the petition to open was timely. ***Id.*** at 136.

Here, Frick was aware of this litigation, but was remiss in protecting his rights, particularly given that this matter recently had been ongoing, and the notice to plead on the Landlords complaint, which he read, advised him to take it to an attorney. The notice also told him he had twenty days to respond, which he ignored. Thus, considering the time it took Frick to file his petition, and the reason for the delay in filing it in this case, we conclude the trial court did not abuse its discretion in finding that Frick did not satisfy the first prong for opening the judgment.

Next, Frick claims that the trial court erred in finding that he did not provide a reasonable excuse or explanation for failing to file a responsive pleading. Frick's Brief at 20. Specifically, Frick argues that the trial court should have balanced his decision not to file a responsive pleading against his good faith belief that he could raise his defenses directly at the arbitration to determine. Instead, the trial court erroneously focused on the fact that Frick read the notice to defend attached to the complaint, but nonetheless chose to proceed without counsel. Therefore, according to Frick, the trial court should have found that he satisfied the third requirement for opening a judgment. Frick's Brief at 11, 20-21.

With respect to the "legitimate excuse" prong, this Court has previously held: "whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion." ***Myers v.***

***Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa. Super. 2009) (citation and brackets omitted). Here, Frick explained that he thought he would have the opportunity to defend himself at the arbitration hearing as he did at the magisterial district judge's proceeding. In determining that this was not reasonable, the court stated:

> The language of both the Notice to Defend attached to [Landlords'] Complaint and the ten-day Pa. R.C.P. 237.1 Notice was clear and unequivocal. In his testimony, [Frick] acknowledged that he read the notice provisions. [Frick] testified that initially, he was not going to obtain the services of an attorney despite being advised by the magisterial district judge to do so.[1] [Frick] made a wrong decision, but he was not deprived of the ability to make a decision. This is not a case where the mail was sent to the wrong address or where [Frick] did not receive mail because he was medically unavailable. Instead, this is a case where [Frick] timely received the Notice to Defend, [Landlords'] Complaint, and the Pa.R.C.P. 237.1 Notice and chose to proceed without an attorney to his own detriment. As the Superior Court of Pennsylvania has previously explained,
>
> > While [the] court is willing to liberally construe materials filed by a *pro se* litigant we note that [such a litigant] is not entitled to any particular advantage because he lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.
>
> ***See Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006). Only after default judgment was entered, did [Frick], in earnest, seek the services of an attorney to attempt to correct the mistakes he made as a *pro se* litigant.

---

[1] It is unclear from the record whether this is accurate. Nonetheless, this does not affect our decision.

- 7 -

Trial Court Order, 12/10/19, at 1 fn. 1. Frick acknowledged that he read the Notice to Defend. He also acknowledged that he was not familiar with legal terminology and processes. Nonetheless, he chose to ignore the language of the notice and proceed on his own. Furthermore, "neither ignorance nor mistake of the law with a full knowledge of the facts is *per se* a ground for equitable relief." **U.S. Bank N.A.**, 982 A.2d 996. Thus, considering the particular circumstances of this case with these principles in mind, we conclude that the trial court did not abuse its discretion in finding that Frick did not satisfy the third requirement for opening the judgment.

In conclusion, because Frick did not meet the requirements for opening a judgment, the trial court was justified in refusing to open the judgment against Frick, and we will not disturb its decision.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/7/2020*