J-A03004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICK R. STOCKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSE GOBLE, VICTORINA LALLAVE | : | |
| A/K/A VICTORINA LALLAVE GOBLE, | : | |
| FORREST M. SWAYDIS | : | No. 755 MDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated April 24, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2015-02937

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 19, 2021**

Victorina Lallave a/k/a Victorina Lallave Goble (Appellant) appeals from the order denying her petition to open the default judgment entered in favor of Patrick R Stocki (Stocki).[1]  We affirm.

This Court, in a prior decision, recounted the procedural history of the case as follows:

> On April 28, 2015, [Stocki] initiated this civil action by filing a praecipe for writ of summons against defendants.  On May 27, 2015, [Stocki] filed a praecipe to reissue the writ of summons. The docket indicates that on June 23, 2015, a Deputy Sheriff of Lackawanna County allegedly served the writ of summons on all defendants by handing it to Maulik Reeves, identified as "person in charge," at 169–171 Sussex Street, Old Forge, Pennsylvania

---

[1] Appellant's co-defendants in the trial court, Jesse Goble and Forrest M. Swaydis, are not participants in this appeal.

18518 (the "Address"). On August 18, 2015, [Stocki] filed a civil complaint against the defendants, alleging negligence. [Stocki] alleged that on May 27, 2013, he was walking his dog near his home when the defendants' dog, that was unrestrained, attacked him. Specifically, the defendants' dog allegedly bit [Stocki] on the right arm, causing him to fall to the ground. [Stocki] alleged that because of the attack, he suffered and continues to suffer a laceration of the right arm, scars to his right arm, abrasions to his left hand, nightmares, and a shock to his nerves and nervous system.

The record indicates that [Stocki] allegedly served the complaint on the defendants by Certified Mail, Return Receipt Requested, and First Class at the Address. On October 13, 2015, approximately fifty-five days after service of the complaint, [Stocki] filed a certificate of service, indicating that he served on the defendants a notice of default judgment by Certified Mail, Return Receipt Requested, and First Class at the Address. On November 23, 2015, approximately forty-one days after allegedly serving on the defendants a notice of default judgment, [Stocki] filed a praecipe for entry of default judgment. The Clerk of Judicial Records entered default judgment against the defendants. On the same date, [Stocki] filed another certificate of service, indicating that he served on the defendants a praecipe for entry of judgment by default and entry of judgment by Certified Mail, Return Receipt Requested, and First Class at the Address.

On March 8, 2017, more than a year after the entry of default judgment, [Appellant] filed a petition to open the default judgment to which she attached her proposed answer to the complaint in accord with Pa.R.C.P. No. 237.3(a). In the petition, [Appellant] alleged that she never was served with a copy of the complaint and that, at the time of the alleged service of the complaint, she did not reside at the Address. Rather, [Appellant] alleged that she resided at an undisclosed location in light of a protection from abuse order entered against her husband and co-defendant, Jesse Goble. She further alleged that she never received a copy of the ten-day notice of default, as required under Pa.R.C.P. Nos. 237.1(a)(2) and 237.5. On the same date, the trial court issued a rule to show cause, indicating that a hearing would be held on May 3, 2017 at 2:00 p.m. on [Appellant's] petition. The docket, however, does not reveal that a hearing was conducted on [Appellant's] petition to open default judgment consistent with Pa.R.C.P. Nos. 206.6 and 207.

Instead, on May 24, 2017, the trial court denied without a hearing [Appellant's] petition to open the default judgment. [Appellant] timely appealed to this Court. The trial court ordered [Appellant] to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. [Appellant] complied, raising sixteen assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that [Appellant] was not entitled to relief.

*Stocki v. Goble*, 2018 WL 2978601, at **1-2 (Pa. Super. June 14, 2018) (unpublished memorandum) (footnote omitted).

On June 14, 2018, this Court remanded the case to the trial court for an evidentiary hearing, which took place on December 20, 2018. On April 24, 2020, the trial court denied Appellant's petition to open. This timely appeal followed.[2]

Appellant presents six issues for our review:

1. Did the trial court err by refusing to open the default judgment where the record reflects that the Appellant Goble was not served causing a fatal defect in the procedural aspects of service of original process upon the Appellant?

2. Did the trial court abuse its discretion in denying the Appellant's Petition to Open the default judgment where [Stocki] could not establish that original process was served upon the Appellant in compliance with Rule 402 of the Pennsylvania Rules of Civil Procedure?

3. Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the Court's findings?

4. Did the trial court err in denying the Petition to Open the default judgment and failing to consider all three criteria for opening a

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

default where numerous meritorious defenses to the allegations were contained in the Appellant's proposed Answer with New Matter to [Stocki]'s Complaint, where the Appellant provided a reasonable explanation for failing to file a timely responsive pleading, and when the Appellant, through present counsel, promptly filed a petition to open default?

5. Where the Appellant's Petition to Open possessed a reasonable explanation or legitimate excuse for her default, did the trial court abuse its discretion in failing to give weight to the Appellant's meritorious defenses to the Complaint?

6. Did the trial court err in denying the Petition to Open the default judgment by failing to consider the equities of the matter, the prejudice to the Appellant if the petition to open was denied and whether [Stocki] would suffer any prejudice if the petition to open default was granted?

Appellant's Brief at 5-6.

Appellant's six issues are interrelated. Also, Appellant argues the six issues under three headings, contrary to Pa.R.A.P. 2119(a), which provides that the argument "shall be divided into as many parts as there are questions to be argued." **See** Appellant's Brief at 16-32. This discrepancy does not hamper our review. **See, e.g., Donahue v. Fed. Express Corp.**, 753 A.2d 238, 241 n.3 (Pa. Super. 2000). For ease of disposition, we address Appellant's issues together.

We have explained:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

- 4 -

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1270 (Pa. Super. 2015) (quotation omitted).

Generally, a trial court will open a default judgment if the defendant has:

> (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

***US Bank N.A. v. Mallory***, 982 A.2d 986, 994–95 (Pa. Super. 2009). To obtain relief, a defendant must establish "all three of the required criteria." ***Id.*** at 995.

> Concerning the first two prongs:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

> \* \* \*

> In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. ***See Duckson v. Wee Wheelers, Inc.***, . . . 620 A.2d 1206 (Pa. Super. 1993) (one day is timely); ***Alba v. Urology Associates of Kingston***, . . . 598 A.2d 57 (Pa. Super. 1991) (fourteen days is timely); ***Fink v. General Accident Ins. Co.***, 594 A.2d 345 (Pa. Super. 1991) (period of five days is timely).

> \* \* \*

> With regard to the second prong, "[w]hether an excuse is legitimate is not easily answered and depends upon the specific

circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion."

* * *

This Court has held that "where the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened."

***Myers v. Wells Fargo Bank N.A.***, 986 A.2d 171, 175-77 (Pa. Super. 2009) (some citations omitted).

Here, Appellant filed her petition to open more than 15 months after default judgment was entered. This was not a prompt filing.[3] As stated above, petitions to open default judgments that have been deemed "promptly filed" tend to have been filed within a month of the entry of default judgment. ***See Myers***, 986 A.2d at 176. The trial court did not abuse its discretion in finding Appellant's petition to open was not promptly filed.

_____

[3] On appeal, as she did below, Appellant argues the filing was prompt. ***See*** Petition of Defendant Victorina Lallave Goble Only, to Open Default Judgment, 3/08/17, at 2; Appellant's Brief at 28-29. However, Appellant does not develop her assertion beyond this broad and self-serving statement. At the evidentiary hearing, Appellant contradicted herself about how she learned about the case, alternately claiming counsel told her about it, but also that she told counsel about it. Appellant never provided the date when she learned about the entry of default judgment, or when, after learning of it, she contacted counsel. N.T., 12/20/18, at 10-11. There is no evidence supporting Appellant's claim of prompt filing.

With respect to the second prong, Appellant did not demonstrate a reasonable excuse for her delay. Appellant contends Stocki did not properly serve her with the complaint and writ of summons, and she never received any of the other documents relating to the default.[4] Appellant's Brief at 17-24. Appellant testified she was not living at 169-171 Sussex Street, Old Forge, Pennsylvania at the time Stocki served these documents, and she did not know Maulik Reeves, who accepted service on her behalf. *Id.* at 22-23; N.T., 12/20/18, at 8-10.

The Pennsylvania Rules of Civil Procedure provide:

(a) Original process may be served

   (1) by handing a copy to the defendant; or

   (2) by handing a copy

      (i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, **then to an adult person in charge of such residence**; or

Pa.R.Civ.P. 402(a)(1) and (2)(i) (emphasis added).

Here, the Sheriff's Return shows that Stocki personally served the writ of summons on Appellant by handing it to Maulik Reeves, "Person in Charge," pursuant to Pa.R.Civ.P. 402(a)(2)(i). Sheriff's Return, 6/18/15 (unnecessary

---

[4] Appellant averred that Stocki did not serve her with a copy of the complaint. Petition of Defendant, Victorina Lallave Goble Only, to Open Default Judgment, 3/8/17, at 1. It was not until more than a year later, at the hearing, when she claimed Stocki did not serve her with the writ of summons. N.T., 12/20/18, at 10, 15-16.

capitalization omitted). As Appellant petitioned to open the default judgment on the basis that she was not living at that address, and Maulik Reeves was not the person in charge, the burden was on Appellant to support her averments.

In its opinion, the trial court exhaustively details Appellant's testimony, which was vague, evasive, and contradictory. *See* Trial Court Opinion, 4/24/20, at 3-5; N.T., 12/20/18, at 4-39. We need not reproduce the trial court's painstaking and accurate rendition of Appellant's testimony, which we summarize and adopt.[5] *See* Trial Court Opinion, 4/24/20, at 3-5; N.T.,

_____

[5] In sum, Appellant testified:

(1)   She and her business partner, co-defendant Forrest M. Swaydis, owned the Sussex Street address, as well as several other properties.

(2)   Despite property ownership, Appellant did not know who lived at any of the properties or who paid the rent.

(3)   Throughout the period in question, Appellant was residing at an undisclosed address, with family in western Pennsylvania, to hide from her violent, estranged husband, co-defendant Jesse Goble.

(4)   Appellant did not know when she fled to western Pennsylvania or when she permanently returned to Lackawanna County.

(5)   The Sussex Street address was and continues to be the address listed on Appellant's driver's license.

(6)   Beginning in 2015, and continuing through the present, Appellant filed an application for a protection from abuse (PFA) order and applications for PFA order extensions, and was granted temporary, final, and extensions of PFA orders. On all applications, under penalty of perjury, Appellant listed her address as the Sussex Street address, sought to have her husband evicted from that address, and sought to

12/20/18, at 4-39.  The trial court concluded, "[b]ased upon our review of the testimony, we do not find [Appellant's] testimony credible enough to support opening the judgment against her."  Trial Court Opinion, 4/24/20, at 2.

The trial court explained:

We do not find the testimony of [Appellant] completely credible. While we do not doubt her genuine trepidation regarding her estranged husband, Jesse Goble, her foggy recollection as to when she retreated to "somewhere in western Pennsylvania" and when she returned, indeed where exactly she was, renders her testimony regarding her notice of this lawsuit suspect.  Moreover, for someone to be a business associate in the co-ownership of real estate for many years and multiple properties and not know who is living in them or paying rent simply does not have the ring of truth to it.  We therefore find that [Appellant] has failed to provide a reasonable excuse or explanation for failing to file a responsive pleading.  This is underscored by her own testimony in which she testifies to having returned to Lackawanna County in order to file various extensions of her Protection from Abuse Order despite being assured that her estranged husband never located her during the operative timeframe.  Returning to Lackawanna County several times in 2015, 2016 and 2017 in order to file Protection from Abuse extensions provided [Appellant] with similar opportunities to file a responsive pleading in this case.  Further, it is difficult to swallow that [Appellant] and her "dear friend and business partner for many years" [co-defendant] Forrest Swaydis, had no communication during this timeframe regarding this lawsuit.

*Id.* at 5-6 (record citations omitted).

It bears repeating that the trial court,

_____

prohibit him from coming to that address.  In order to conduct this legal business, Appellant returned to Lackawanna County several times during 2015, 2016, and 2017.

*See* Trial Court Opinion, 4/24/20, at 3-5; N.T., 12/20/18, at 4-39.

as the finder of fact, is free to believe all, part or none of the evidence presented. Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determination or substitute our judgment for that of the fact finder.

*Davis v. Borough of Montrose*, 194 A.3d 597, 605 (Pa. Super. 2018) (citation omitted). Here, the trial court's credibility findings are supported by the record, and we find no abuse of discretion in its determination that Appellant failed to provide a reasonable explanation for failing to timely file a responsive pleading.

With regard to the third prong concerning a meritorious defense, the trial court in its original decision, prior to Appellant's first appeal and this Court remanding for an evidentiary hearing, found Appellant had pled a meritorious defense. *See* Trial Court Opinion, 4/24/20, at 3. Thus, the only issues before the trial court on remand were whether the petition was promptly filed and whether Appellant provided a reasonable explanation for the delay. *Id.* Since the trial court found Appellant did not meet these prongs, it could not reopen the judgment regardless of the merits of Appellant's defense. *US Bank*, 982 A.2d at 995. Accordingly, we do not address Appellant's contentions regarding her defense.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/19/2021</u>