529 A.2d 22

**Novella J. DAVIS**

v.

**Vaughan BURTON and Brendan Burton, husband and wife, Appellants.**

Superior Court of Pennsylvania.

Argued May 20, 1987.

Filed Aug. 4, 1987.

---

Kathleen Kennedy, Philadelphia, for appellants.

Fred J. Ambrose, Jr., Philadelphia, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order denying appellant's petition to open a default judgment. Appellants contend that the lower court erred in refusing to open the judgment because they offered a reasonable excuse for their failure to answer the complaint. We disagree and, accordingly, affirm the lower court's order.

In January, 1985, appellee was injured when she slipped and fell on appellants' property. Appellee filed a civil complaint, which was served on appellants on June 4, 1985. Appellants' attorney entered an appearance on July 25, 1985. No answer to the complaint was filed. On January 3, 1986, appellee filed a Notice of Intent to Enter Default Judgment, *see* Pa.R.Civ.P. 237.1, informing appellants that a default judgment would be entered against them unless they responded to the complaint within ten days. Appellants still failed to answer the complaint, and a default judgment was entered. Appellants filed a petition to open the default judgment, which was denied, and this appeal followed.

 Appellants contend that the lower court erred in denying their petition to open the judgment because they offered a reasonable excuse for their default. We disagree. A petition to open a default judgment is an appeal to the court's equitable powers, and the decision will not be overturned on appeal absent an abuse of the trial court's discretion. *Autologic Inc. v. Cristinzio Movers*, 333 Pa.Superior Ct. 173, 176, 481 A.2d 1362, 1363 (1984); *Ridgid Fire Sprinkler Service, Inc. v. Chaiken*, 333 Pa.Superior Ct. 213, 216, 482 A.2d 249, 251 (1984); *Bildstein v. McGlinn*, 320 Pa.Superior Ct. 416, 419, 467 A.2d 601, 602 (1983). In exercising its discretion to open a default judgment, a court must determine whether the petition to open was filed timely, whether the petitioner has a meritorious defense, and whether the petitioner is able to demonstrate a reasonable excuse for the default. *Schultz v. Erie Ins. Exch.*, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984); *Hudgins v. Jewel T. Discount Store*, 351 Pa.Superior Ct. 329, 333, 505 A.2d 1007, 1009 (1986); *Estate of Levy v. CNA Ins. Co.*, 338 Pa.Superior Ct. 191, 198–99, 487 A.2d 919, 923 (1985); *Continental Bank v. Rapp*, 336 Pa.Superior Ct. 160, 170, 485 A.2d 480, 485 (1984).

 Our courts have held that the power to open a default judgment entered as the result of a mistake or oversight by counsel may be exercised when a reasonable excuse has been offered. *See Bildstein v. McGlinn, supra*, 320 Pa.Superior Ct. at 423, 467 A.2d at 605; *Ecumenical Enterprises, Inc. v. Nadco Constr., Inc.*, 253 Pa.Superior Ct. 386, 393, 385 A.2d 392, 394 (1978); *Alexander v. Jesray Constr. Co.*, 237 Pa.Superior Ct. 99, 103, 346 A.2d 566, 568 (1975). In *Shainline v. Alberti Builders, Inc.*, 266 Pa.Superior Ct. 129, 403 A.2d 577 (1979) this Court distinguished between mistakes by counsel that are excusable and those that are not. Relying on prior caselaw of this Commonwealth, we noted that an attorney's dilatoriness, failure to act with knowledge of the implications, or deliberate decision not to defend are inadequate reasons for his or her failure to answer a complaint. *Id.*, 266 Pa.Superior Ct. at 138, 403 A.2d at 581. We also stated that a clerical over-

sight or the misplacement of papers through no fault of the attorney that results in a failure to file timely an answer are reasonable excuses. *Id.*, 266 Pa.Superior Ct. at 138–39, 403 A.2d at 581–82. *See also Peoples Nat'l Bank v. Hitchcock*, 278 Pa.Superior Ct. 375, 382, 420 A.2d 589, 592 (1980); *Tronzo v. Equitable Gas Co.*, 269 Pa.Superior Ct. 392, 396–97, 410 A.2d 313, 315 (1979).

Here, the lower court held that appellants had satisfied two of the three requirements for opening a default judgment. The court held that the petition to open was timely and that a meritorious defense had been presented.[1] The court also held, however, that appellants did not meet the third requirement because they had failed to advance a reasonable explanation for failing to file a timely answer to the complaint. The only reason that appellants set forth in their petition to open the default judgment for their failure to file an answer to the complaint was that their attorney believed that an entry of appearance was sufficient to prevent the entry of a default judgment. They assert that under prior law, upon which their attorney mistakenly relied, a default judgment would not be entered in trespass cases unless a defendant neither pleaded to the complaint nor entered an appearance in the action. *See* Pa.R.Civ.P. 1047(a) (rescinded effective July 1, 1984).

We agree with the court below that this excuse was not reasonable. Rule 1047 had been rescinded for nearly one year when the complaint was served upon appellants. In addition, the complaint contained the required notice on the front page that a written answer was required within twenty days. Moreover, appellants' attorney admitted receiving a letter from appellee's attorney dated July 29, 1985, which stated the following:

> Also, if you will be representing [appellants], I trust that you will proceed to file your Answer to our Complaint as soon as possible, as per the applicable Rules of Civil Procedure. If you require an extension of time, please advise.

1. We do not rule on the correctness of these conclusions because of our disposition of this case.

Oral Deposition, April 7, 1986, exhibit D. From these factors, we conclude that appellants' attorney was aware that an answer was required and of the implications of a failure to answer.[2] This is not a case of mistake or oversight, but rather, an inexcusable failure to act by one who knew the implications of such a failure. *See Shainline v. Alberti Builders, Inc., supra.* Accordingly, we affirm the lower court's order denying appellant's petition to open the default judgment.

Order affirmed.

**2.** We note another reason why appellants' attorney's mistaken reliance on a prior rule of civil procedure was not a reasonable excuse for failing to answer the complaint. Under former Rule 1045(a), "[a] party who fails to file a responsive pleading shall be deemed to admit all averments relating to ... the ownership, possession or control of the property or instrumentality involved." Pa.R.Civ.P. 1045(a) (rescinded effective July 1, 1984). Here, the defense that counsel intended to raise for appellants was that the property on which appellee claimed to have been injured was not under appellants' control. Memorandum of Law in Support of Petition to Open Default Judgment. Thus, an entry of appearance without an answer would not have protected appellants' interests because control over the property would have been deemed admitted.