549 A.2d 597

**Antonette PAPARELLI, Administratrix of the Estate of Paul E. Paparelli, Deceased, and Antonette Paparelli, in her Own Right**

**v.**

**GAF CORPORATION; Raymark Industries, Inc.; Celotex Corporation; Keene Building Products Company; Eagle–Picher Industries, Inc.; Owens–Corning Fiberglas Corporation; Owens–Illinois, Inc.; Garlock, Inc.; A–Best Products Company, Inc.; H.K. Porter Company, Inc.; The Gage Company; Gateway Industrial Supply; D.A.R. Industrial Products, Inc.; Pittsburgh Corning Corporation; Armstrong World Industries; and Nicolet Industries, Inc.**

**Appeal of A–BEST PRODUCTS COMPANY, INC., and the Gage Company.**

Superior Court of Pennsylvania.

Argued June 29, 1988.

Filed Oct. 21, 1988.

Concetta Silvaggio, Pittsburgh, for A–Best, appellant.

Bryan Campbell, Pittsburgh, for Gage Co., appellant.

Thomas W. White, Pittsburgh, for Paparelli, appellee.

Jane Charlton, Pittsburgh, for Raymark Industries, appellee.

John A. Bacharach, Pittsburgh, for Garlock, Inc., appellee.

Dale K. Forsythe, Pittsburgh, for Gateway, appellee.

David P. Helwig, Pittsburgh, for D.A.R., appellee.

Thomas R. Wright, Pittsburgh, for Eagle–Picher and Owens–Corning, appellees.

Before BROSKY, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

A–Best Products Company, Inc. (A–Best), and the Gage Company (Gage), two of sixteen original defendants in this action, seek appellate review of the the order entered April 23, 1987 denying their respective motions for summary judgment. We affirm.

On May 8, 1985, plaintiff, Antonette Paparelli, brought this civil suit claiming that her decedent, Paul E. Paparelli, died on July 8, 1984 from his exposure to asbestos-containing products while employed at Babcock & Wilcox in Beaver County prior to 1975.

All defendants filed motions for summary judgment on the basis that there had been a failure to identify the use of their products by plaintiff's decedent. No defendant opposed the motions for summary judgment filed by any other defendant. After oral argument on February 18, 1987, by

order dated March 5, 1988, President Judge Robert C. Reed of the Court of Common Pleas of Beaver County denied the motion for summary judgment of the H.K. Porter Company, Inc. The motions for summary judgment of Gage and A–Best were denied by order dated April 23, 1987. The motions for summary judgment of all other defendants in this action were granted on either March 5, 1987 or April 23, 1987. Consequently, the three remaining defendants in this action are the H.K. Porter Company, Inc., and the present appellants, Gage and A–Best.

On May 11, 1987, A–Best filed a Motion for Reconsideration, claiming that any sales made to Babcock & Wilcox consisted primarily of asbestos-containing cloth manufactured and supplied by Raybestos–Manhattan, predecessor to Raymark Industries, Inc.

On the same date, Gage also filed a Motion for Reconsideration. Gage argued that the trial court had misapplied the law with respect to the standards to be applied in deciding motions for summary judgment. Both motions were denied on May 20, 1987. This timely appeal followed.

Appellants raise three questions:

1. WAS THE LOWER COURT'S OVERRULING OF MOTIONS FOR SUMMARY JUDGMENT INAPPROPRIATE WHERE PLAINTIFF DID NOT TIMELY FILE ANY RESPONSE TO SAID MOTIONS?

2. DID THE LOWER COURT APPLY THE INCORRECT TEST FOR THE EXISTENCE OF A QUESTION OF MATERIAL FACT IN RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN AN ASBESTOS CASE OR, ALTERNATELY, MISAPPLY THE CORRECT STANDARD?

3. WHETHER THE LOWER COURT ERRED IN GRANTING THE MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO PA.R.C.P. 1035 WHICH IN EFFECT ELIMINATED THE APPELLANTS' RIGHTS TO CONTRIBUTION AND IN-

DEMNITY. IN ADDITION, IN GRANTING THE MOTIONS FOR SUMMARY JUDGMENT, WHETHER THE LOWER COURT ERRED FOR THEY PREVENTED THE APPELLANTS FROM PROVING DIRECT LIABILITY TO THE PLAINTIFF OF VARIOUS DEFENDANTS?

We do not address appellants' first two issues. It is well-settled in this Commonwealth that the denial of a motion for summary judgment is interlocutory and not appealable. *Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 502, 464 A.2d 431, 434 (1983). However, since an order granting summary judgment in favor of one defendant has the effect of dismissing that defendant and, as such, is final and hence appealable, we will address appellants' last issue. *See* Pa.R.A.P. 301.

Appellants argue that they have filed cross-claims asserting a claim for indemnification and contribution pursuant to Pa.R.C.P. 2252(d).[1] Pennsylvania Rule of Appellate Procedure 2252(d) provides a short-cut procedure for disposing of matters involving numerous parties with divergent interests. Appellants contend the decision of the trial court undermines the well-established policy of the courts of this Commonwealth to avoid multiple law suits. According to appellants they will be forced to file separate lawsuits to protect their rights and to adjudicate all claims instead of adjudicating all claims in a single action.

■ This record is devoid of any opposition by the present appellants to the entry of summary judgment in favor of the defendant appellees. In fact, no defendant opposed the

---

**1.** Appellants pleaded only a very general, boilerplate crossclaim against all defendants. Neither factual averments nor specific allegations were included. We note that in a complaint for contribution, an original defendant must plead sufficient facts to sustain a cause of action against a new defendant. Bald assertions will not suffice. *Mattia v. Sears Roebuck & Co.*, 366 Pa.Super. 504, 508–509, 531 A.2d 789, 792 (1987).

motion of any other defendant, either by filing a brief or offering oral argument in opposition to the motions or by joining plaintiff's brief or oral argument. It was only after their own motions for summary judgment were denied that A–Best and Gage sought to raise potential issues for contribution and indemnity in their Motions for Reconsideration.[2] Issues not timely or properly raised before the trial court are not properly preserved for appellate review. *Eck v. Powermatic Houdaille,* 364 Pa.Super. 178, 187–189, 527 A.2d 1012, 1017 (1987); *McCormick v. Allegheny General Hospital,* 364 Pa.Super. 210, 217–220, 527 A.2d 1028, 1032–1033 (1987); *Bryant v. Girard Bank,* 358 Pa.Super. 335, 344, 517 A.2d 968, 973 (1986). We will not consider such issues on appeal.

█ Appellants, in essence, contend that the trial court erred in placing the burden of proof upon them to set forth facts showing that a genuine issue of material fact existed. However, as Pa.R.C.P. 1035(d) provides, the non-moving party in response to a properly supported motion for summary judgment must in response "by affidavit or as otherwise provided in this rule, ... set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him."[3] As is noted in Goodrich–Amram, Procedural Rules Service (2d) § 1035(d):5, page 460:

> The purpose of this amendment [Pa.R.C.P. 1035(d) ] is to assure that the motion for summary judgment may

**2.** Several appellees correctly note that "[i]nherently, a 'motion for reconsideration' requests the court to take a second look at the law applicable to the evidentiary record on which the court predicated its original decision, not some untimely-proffered supplemental record."

**3.** Pa.R.C.P. 1035(d), in part, provides:
   When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

'pierce the pleading' and to require the opposing party to disclose the facts of his claim or defense.

In *Roland v. Kravco, Inc.*, 355 Pa.Super. 493, 513 A.2d 1029 (1986), the non-moving party, as did A–Best and Gage in the present case, had the opportunity, but failed, to respond to a motion for summary judgment. This Court commented:

Rule 1035(d) requires the non-moving party to respond and set forth specific facts showing that there is a genuine issue for trial. Our rules of civil procedure are designed to eliminate the poker game aspect of litigation and compel the players to put their cards face up on the table before trial begins.

355 Pa.Super. at 501, 513 A.2d at 1034.

■ The Rules further provide in Pa.R.C.P. 1035(b) that this response is required prior to the day of hearing. The hearing and oral argument on the motions for summary judgment were held February 18, 1987. The motions for reconsideration were not filed until May 13, 1987. Consequently, we find that appellants, A–Best and Gage, have neither properly nor timely preserved the issues of contribution and/or indemnity for appellate review.[4] Accordingly, the judgment entered May 20, 1987 in the Court of Common Pleas of Beaver County is affirmed.

JUDGMENT AFFIRMED.

4. Appellants argue that their "right" to seek contribution and/or indemnity in this suit has been nullified by the entry of summary judgment. Contribution, however, only arises where two or more parties combine to produce the plaintiff's harm, where the parties are each liable to the plaintiff. *Mattia, supra.* The trial court properly determined that the summary judgment record would not support a factual basis upon which to impose liability against those granted summary judgment. No "right" of contribution would arise except among those who are liable to plaintiff as joint tortfeasors. If a party has no liability to a plaintiff, that party cannot be a joint tortfeasor. Neither would there be a legally cognizable claim for indemnity. Indemnity seeks on equitable grounds to shift liability from one secondarily liable to another, primarily liable to plaintiff. *Id.; Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403 (1986).