**Wink v. Magrowski**

*E. Michael Zubey, Jr.* and *Richard L. Guida,* for plaintiffs.

*Osmer S. Deming,* for defendants.

SPRECHER, *J.,* December 10, 2009—Defendants appeal the order dated October 30, 2009, which denied their petition to open and strike the default judgment entered against them on August 13, 2009. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

On May 19, 2009, plaintiffs, Jeffrey Wink, Marcia Wink, David Roberts and Nancy Roberts, filed a complaint against defendants, Steven Magrowski and Lori Magrowski, alleging that the defendants refused to pay for the repair of an easement. Defendant, Lori Magrowski, received the complaint on June 5, 2009, when she picked it up at the sheriff's department. Steven Magrowski was served on June 17, 2009.

On June 11, 2009, defendants had a consultation with John Grenko, Esquire. Defendants assumed that Attorney Grenko was representing them because he had given them advice which they had followed on obtaining estimates for the lanes. Mr. Grenko spoke to plaintiffs' attorney, E. Michael Zubey, Esquire, prior to July 10, 2009, and told Mr. Zubey that he was unsure if he would be representing defendants. On July 10, 2009, Mr. Grenko again spoke to Mr. Zubey and told him that he needed additional time to prepare an answer.

On July 21, 2009, Mr. Zubey filed and served on defendants an important notice dated July 20, 2009, that plaintiffs would file for a default judgment if no action was taken by defendants within ten days from the date of the notice. On July 22, 2009, Mr. Grenko wrote to defendants that he had received a courtesy copy of the notice of intent to take a default judgment in their case from Mr. Zubey and that he would discuss matters with them on July 27, 2009. Mr. Grenko met with defendants on July 27, 2009. Mr. Grenko then prepared an entry of appearance on July 31, 2009, which he filed on August 3, 2009. During a telephone conversation prior to August 13, 2009, with Mr. Zubey, Attorney Grenko informed Mr. Zubey that he had begun the preparation of the answer and hoped to get it filed shortly. Mr. Grenko did not remember if this conversation had occurred on August 3, 2009, as Mr. Zubey suggested. On August 11, 2009, defendants paid Mr. Grenko a retainer for legal services. On August 13, 2009, at 12:31 p.m. plaintiffs filed a praecipe to enter a default judgment against defendants. Mr. Grenko filed an answer with new matter and counterclaim at 2:12 p.m. that same day following a telephone conversation with Mr. Zubey. Defendants received notice of the default judgment by mail on September 3, 2009.

Defendant, Lori Magrowski, testified that she had called Mr. Grenko several times and that he had told her to calm down because they had plenty of time to respond to the pleadings. Defendants filed their petition to open and strike the default judgment on September 8, 2009.

Based on the uncontroverted facts, this court denied defendants' petition. Defendants filed a timely appeal.

## ISSUES

Defendants raise the following two issues in their concise statement of errors complained of on appeal:

(1) Did this court err in denying the petition to open/ strike the default judgment?

(2) Was the Berks County Prothonotary's failure to mail promptly the default judgment (judgment entered on August 13, 2009, but not mailed until September 1, 2009) indicative of the breakdown in the court's operation, prejudicing the defendants and warranting the opening of the default judgment?

## DISCUSSION

Defendants' first contention is that this court erred in denying their petition to open/strike the default judgment. This complaint is without merit. Generally speaking, a default judgment may be opened if the moving party has (1) promptly file a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. Moreover, the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. *U.S. Bank N.A. v. Mallory,* 982 A.2d 986 (Pa. Super. 2009).

This court found that defendants promptly filed a petition to open judgment. Thus, defendants met the first condition for opening a judgment.

The second prong is that the petition must provide a reasonable excuse for failing to file a responsive pleading. Defendants assert that their former attorney's inaction is the cause of the entry of the default judgment. However, an attorney's dilatoriness, failure to act with knowledge of the implications, or deliberate decision not to defend are inadequate reasons for his or her failure to answer the complaint and are insufficient to obtain the opening of a default judgment. *Davis v. Burton,* 365 Pa. Super. 160, 529 A.2d 22 (1987).

In the case sub judice, Attorney Grenko simply did not file a timely answer. Even if Mr. Grenko was unwilling to file an answer until he had received a retainer, he still was tardy in filing an answer. He received the retainer on August 11, 2009. He could have immediately filed an answer. He knew that time was of the essence and the answer was already in the process of being written. This is not a case of mistake or oversight, but rather, an inexcusable failure to act by one who knew the implication of such a failure. Additionally, defendants themselves received the notice of intent to take a default judgment and knew at that time that a default judgment would be taken in ten days.

Therefore, this court denied the petition to open because defendants did not provide a reasonable excuse or explanation for filing to file a responsive pleading. Since there was no reasonable excuse for not filing an answer timely, this court did not need to address the issue of a meritorious defense or the "equities" of the case.

Defendants' second issue is whether the prothonotary's failure to mail promptly the default judgment was a

breakdown in the court's operation, prejudicing defendants and warranting the opening of the default judgment. This issue is meritless. Any breakdown in the court system occurred after the entry of the default judgment and did not impact defendants' failure to file a timely response. This court determined that the petition to open the default judgment was filed timely so defendants were not prejudiced by the delayed notice of the entry of the default judgment.

For the foregoing reasons, this court submits that its order should be sustained and the appeal dismissed.