J-S60017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSQUEHANNA BANK, SUCCESSOR BY MERGER COMMUNITY BANKS<br><br>Appellee<br><br>v.<br><br>LAURA E. COOPER A/K/A LAURA ELIZABETH LONG A/K/A LARA ELIZABETH COOPER A/K/A LAURA E. LONG<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 271 MDA 2014 |

Appeal from the Order entered January 10, 2014
In the Court of Common Pleas of Berks County
Civil Division at No: 12-2302

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　**FILED JANUARY 13, 2015**

Laura Cooper appeals from an order denying her petition to strike or open a judgment entered against her and in favor of Appellee, Susquehanna Bank, s/b/m/t Community Banks (Bank). Upon review, we affirm.

On February 10, 2012, the Bank filed a civil action against Appellant, alleging she defaulted on a promissory note that secured a mortgage on her former home located at 65 Woodland Manor Drive, Mohnton, Berks County (the Mohnton address). The Bank was unable to successfully serve the complaint on Appellant at the Mohnton address, so it requested leave of court to effect special service. The trial court granted the Bank's motion for service by mail to, and posting of, the Mohnton address. Later, the Bank

also served Appellant at her business address, 505 Penn Street, Floor 14, Reading, Berks County (the Reading address). Appellant, who is an active Pennsylvania attorney, filed a *pro se* answer to the complaint. She did not endorse the answer with her address and telephone number, nor did she serve the answer on the Bank's counsel. Instead, Appellant mailed a copy of the answer directly to the Bank. Appellant later filed a "certification of address" listing the Reading address as the address for service, but—like her answer—did not serve it on counsel for the Bank.

On September 6, 2012, the Bank moved for summary judgment. Per the certificate of service, the Bank served the motion on Appellant at the Mohnton address only. On January 30, 2013, the trial court entered an order granting the Bank's motion for summary judgment for Appellant's failure to respond.[1] On the same day, judgment *in personam* was entered against Appellant.

On October 10, 2013, Appellant petitioned to open or strike the judgment. The trial court held a hearing on the petition, at which Appellant testified that she never received the Bank's motion for summary judgment. On January 10, 2014, the trial court denied Appellant's petition. Appellant moved for reconsideration, attaching "two important documents" to the motion. Both documents were from a companion case in Berks County

---

[1] The trial court's order is erroneously dated January 30, 2012.

involving the same plaintiff, defendant, and plaintiff's counsel. The first document, an affidavit of non-military service, indicated that Appellant could be served at the Reading address. The second document, a return of service, indicated that the resident of Appellant's former house at the Mohnton address gave Appellant's business address as the Reading address. The trial court denied reconsideration on February 24, 2014. In the meantime, Appellant filed a timely appeal.[2]

Appellant raises three arguments before this Court:

1. Did the [trial] court err in making the legal determination that a defendant's failure to notify plaintiff's counsel of a servable address in that docket number permits the plaintiff to effectuate "good service" on defendant by mailing pleadings to the defendant's former residential address when plaintiff knows that defendant no longer resides there?

2. Did the trial court err in denying the defendant/appellant's motion to open/strike the judgement [sic] given that there was a clear [sic] and unequivocal evidence of record that the sheriff made service on Laura Cooper at [the Reading address] in the companion case (11-4921) and that the same counsel filed a nonmilitary affidavit indicating that her address was [the Reading address]?

3. Did [the trial court] err in applying a higher standard to a *pro se* defendant because that *pro se* defendant is licensed to practice law in the State of Pennsylvania?

Appellant's Brief at 4.

_____

[2] A party may appeal of right from an interlocutory order refusing to open or strike a judgment. Pa.R.A.P. 311(a)(1).

Initially, we note the judgment entered against Appellant is not a default judgment. A litigant can obtain a default judgment if the opposing party fails to respond to a pleading containing a notice to defend, **see** Pa.R.C.P. Nos. 237.1(a), 1037(b), 3031, 3146, but here Appellant filed an answer to the Bank's complaint. Rather, it is a judgment entered in a contested matter because Appellant did not respond to the Bank's summary judgment motion.[3]

Additionally, the parties have conflated the standards and scopes of review applicable to striking and opening a judgment. Striking and opening a judgment "are not interchangeable, and we often reaffirm the distinction between them." **Graziani v. Randolph**, 856 A.2d 1212, 1223 (Pa. Super. 2004). A petition to strike a judgment operates as a demurrer to the record and may be granted only for a fatal defect or irregularity appearing on the face of the record. **ANS Assocs., Inc. v. Gotham Ins. Co.**, 42 A.3d 1074, 1076 (Pa. Super. 2012). In determining whether a fatal defect exists, a court may look at only the record as it existed at the time of entry of

---

[3] Rule 237.1(a)(1) defines "default judgment" as a judgment entered by praecipe for (1) a defendant's failure to file a responsive pleading to a complaint in a civil action containing a notice to defend; (2) a defendant's or terre-tenant's failure to plead in response to a writ of revival in a proceeding to revive a judgment lien; or (3) a garnishee's failure to answer interrogatories in an action to enforce a money judgment.

In contrast, Rule 1035.3(d) provides that the court may enter judgment against a party who fails to respond to a summary judgment motion.

judgment. ***Id.*** This Court reviews the refusal to strike a judgment for an error of law, since the trial court's decision does not call for the exercise of discretion. ***Graziani***, 856 A.2d at 1223 (quotation omitted).

In contrast, a petition to open a judgment is an appeal to the court's equitable powers. ***Id.*** In considering a petition to open, the trial court may consider matters outside of the record at the time of entry of judgment. ***Aquilino v. Phila. Catholic Archdiocese***, 884 A.2d 1269, 1283 (Pa. Super. 2005). A court's authority to open judgments entered in contested matters is more circumscribed than its ability to open judgments entered by default or confession. ***Simpson v. Allstate Ins. Co.***, 504 A.2d 335, 337 (Pa. Super. 1986) (*en banc*). In this case, Appellant did not file an appeal, because she claimed to be unaware of the granting of summary judgment. Rather, she collaterally attacked the judgment by filing a petition to open or strike. "Generally, judgments regularly entered in adverse proceedings cannot be opened or vacated after they have become final, unless there has been fraud or some other circumstance 'so grave or compelling as to constitute "extraordinary cause" justifying intervention by the court.'" ***Id.*** (quoting ***Klugman v. Gimble Bros., Inc.***, 182 A.2d 223, 225 (Pa. Super. 1962)). "Extraordinary cause 'is generally an oversight or action **on the part of the court or the judicial process** which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party.'" ***Witherspoon v. Wal-Mart Stores, Inc.***, 814 A.2d 1222, 1225 n.4

(Pa. Super. 2002) (quoting **Luckenbaugh v. Shearer**, 523 A.2d 399, 402 (Pa. Super. 1987) (*en banc*)) (emphasis added). We review a refusal to open a judgment for an abuse of discretion. **Graziani**, 856 A.2d at 1223 (quotation omitted).

We note that service of the complaint at the Mohnton address is not at issue. Appellant waived any defects in service of original process by filing an answer instead of preliminary objections. "A party who fails to object to service of process in preliminary objections waives that claim." **Silver v. Thompson**, 26 A.3d 514, 517 n.6 (Pa. Super. 2011); **see also** Pa.R.C.P. No. 1032(a).

In her first argument, Appellant contends service of the summary judgment motion only at the Mohnton address constitutes grounds to strike or open the judgment. We hold that the trial court did not err in denying Appellant's petition, because Appellant failed to establish grounds to strike or open the judgment.

Appellant has failed to show the existence of a fatal defect on the record as it existed at the time of entry of judgment. The record shows that the trial court granted the Bank's petition for special service of original process at the Mohnton address. The Bank served its motion for summary judgment by mail to the Mohnton address. Thus, by court order, the Bank was permitted to serve original process and any other legal papers on Appellant at the Mohnton address, and it did. "Service by mail of legal papers other than original process is complete upon mailing." Pa.R.C.P.

No. 440(b). Limited to the record, we must assume that Appellant received the motion. That she actually did not receive it is outside of the record at the time judgment was entered. Therefore, no grounds exist on which to strike the judgment.

Additionally, the trial court did not abuse its discretion in refusing to open the judgment. Summary judgment was entered based on Appellant's general, ineffective denials contained in her answer. *See Bank of Am., N.A. v. Gibson*, 102 A.3d 462 (Pa. Super. 2014) ("General denials constitute admissions where—like here—specific denials are required."). Here, even if Appellant established extraordinary cause, she cannot establish a meritorious defense to the summary judgment motion because of her general denials in her answer to the complaint. *Cf. Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa. Super. 2009). (noting that to open a default judgment a party must (1) promptly file a petition to open, (2) provide a reasonable excuse for not filing a responsive pleading, **and** (3) set forth a meritorious defense). If Appellant could not meet the more liberal test to open a default judgment, *a fortiori*, she cannot meet the more stringent test of extraordinary cause to open a judgment entered in a contested matter.

We likewise find no merit to Appellant's second argument regarding the documents attached to her motion for reconsideration. Items presented for the first time in a motion for reconsideration are not properly preserved for appeal. *Rabatin v. Allied Glove Corp.*, 24 A.3d 388, 391 (Pa. Super.

2011) (noting that "issues raised in motions for reconsideration are beyond the jurisdiction of this Court and thus may not be considered by this Court on appeal"); *see also Kelly v. Siuma*, 34 A.3d 86, 94 n.8 (Pa. Super. 2011) (ruling the trial court properly refused to consider new evidence raised for the first time in a motion for reconsideration). Moreover, a motion to reconsider is designed to request reassessment based on the law—not to allow a party to proffer an untimely supplemental record. *Paparelli v. GAF Corp.*, 549 A.2d 597, 599 n.2 (Pa. Super. 1988). Here, Appellant proffered for the first time the affidavit and sheriff's return with her motion for reconsideration. The items were not properly before the trial court.[4] Therefore, we cannot consider any claim of error founded on those documents.

Similarly, we find no merit to Appellant's third argument that she was improperly held to a higher standard than non-lawyer *pro se* litigants. The **same standards** apply to counseled and unrepresented litigants. *See Hoover v. Davila*, 862 A.2d 591, 595 (Pa. Super. 2004). Even non-lawyer *pro se* litigants must comply with procedural rules. *Id.* Moreover, the trial court did not err in considering Appellant's status as an attorney in denying

---

[4] Indeed, the trial court's denial of reconsideration is a legal nullity. The order was entered on February 24, 2014, *i.e.*, after the time to appeal expired. A trial court cannot grant reconsideration if it fails to file an order expressly granting reconsideration within the time for filing an appeal. *See* Pa.R.A.P. 1701(b)(3)(ii).

her petition insofar as she sought to open the judgment. A petition to open is addressed to the equitable powers of a trial court. ***Myers***, 986 A.2d at 175. As an attorney, Appellant should have been aware of applicable procedural rules, *i.e.*, the requirements to endorse pleadings and serve them on counsel who represents an opposing party. ***See*** Pa.R.C.P. Nos. 1025, 440(a)(1). Thus, Appellant is responsible for not receiving the Bank's motion for summary judgment, due to her failure to comply with procedural rules that require she endorse all pleadings and legal papers with an address where all such documents may be served.[5]

In sum, the trial court did not commit an error of law in refusing to strike the judgment, and it did not commit an abuse of discretion in refusing to open the judgment. Accordingly, we affirm the order denying Appellant's petition to open or strike.

Order affirmed.

Judge Ott joins the memorandum.

---

[5] ***Wink v. Magrowski***, 10 Pa. D. & C.5th 410 (C.P. Berks 2009), *aff'd*, 4 A.3d 699 (Pa. Super.) (unpublished memorandum), *vacated per curiam*, 9 A.3d 1137 (Pa. 2010), cited for the proposition that the trial court erred in finding fault with Appellant's failure to comply with applicable procedural rules, is irrelevant. In that case, our Supreme Court merely reaffirmed that a timely-filed petition to open judgment meets *per se* the first two requirements to open a judgment. ***Wink***, 9 A.3d at 1137 (citing Pa.R.C.P. No. 237(b)). Additionally, the Supreme Court's order is not binding on this Court. ***See Commonwealth v. Thompson***, 985 A.2d 928, 937 (Pa. 2013) ("[P]er curiam orders have no *stare decisis* effect.").

Judge Jenkins files a concurring memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2015