J-A32005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR THE REGISTERED HOLDERS OF CBA COMMERICAL ASSETS, SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-2 BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING, LLC, | : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | No. 2044 MDA 2016 |
| | : : : | |
| v. | : : : : | |
| JOHN T. LONCZYNSKI AND ANN MARIE LONCZYNSKI | : : : | |
| Appellants | : | |

Appeal from the Order Entered November 14, 2016
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2012-13186

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                         **FILED MARCH 26, 2018**

John T. and Ann Marie Lonczynski (hereinafter "the Lonczynskis") appeal from the order entered November 14, 2016, in the Luzerne County Court of Common Pleas, denying their petition to strike and/or open a default judgment entered in favor of Deutsche Bank National Trust Company, Trustee for the Registered Holders of SBA Commercial Assets, Small Balance Commerical Mortgage Pass Through Certificates, Series 2006-2, By Its Attorney in Fact

---

[*] Retired Senior Judge assigned to the Superior Court.

Ocwen Loan Servicing, LLC (hereinafter "Deutsche Bank"), in this mortgage foreclosure action. On appeal, the Lonczynskis argue the trial court erred in denying their petition to open and/or strike the default judgment because (1) the mortgage contained a fatal defect in the description of the property, and (2) they promptly raised the legal description error after a bankruptcy stay was lifted. For the reasons below, we affirm.

The procedural history underlying this action was summarized by the trial court as follows:

> [The Lonczynskis] were owners of commercial property located at 832 Winters Avenue, Hazle Township, Luzerne County, Pennsylvania. The property was originally subject to a 2006 mortgage with Mortgage Electronic Registration Systems, Inc., but that mortgage was subsequently transferred to [] Deutsche Bank. On August 29, 2012, [Deutsche Bank] filed a Complaint in Mortgage Foreclosure, and the Complaint was served on [the Lonczynskis] at the 832 Winters Avenue property on August 30, 2012. [The Lonczynskis] did not file an Answer to [the] Complaint. On November 12, 2012, [Deutsche Bank] sent [the Lonczynskis] a Ten Day Notice of Intention to Enter Judgment by Default, pursuant to Pennsylvania Rule of Civil Procedure 237.1. The notice was delivered to 832 Winters Avenue. [The Lonczynskis] did not respond to the notice. Default judgment was subsequently entered against [them] on December 5, 2012 in the amount of $169,144.46, and notice of the entry of judgment was filed pursuant to Pa.R.C.P. 236.
>
> On January 3, [2]013, [Deutsche Bank] praeciped for writ of execution, and, following notice to [the Lonczynskis] on January 29, 2013, a sheriff sale of the property was scheduled for April 5, 2013. Subsequent to the entry of default judgment [] and the scheduling of the sheriff sale, [on April 4, 2013,] Defendant John Lonczynski filed for Chapter 13 bankruptcy.[1] The December 5, 2012 default judgment thus became subject to automatic stay, and the sheriff sale was also stayed.[2]

_____

¹ Defendant Ann Marie Lonczynski did not file bankruptcy proceedings.

² During the bankruptcy proceedings, Defendant John Lonczynski did not challenge the December 5, 2012 default judgment, however.

_____

[On September 4, 2015, Deutsche Bank filed a motion for relief from the automatic stay in bankruptcy court. The bankruptcy court granted the motion on November 19, 2015.] On January 11, 2016, [Deutsche Bank] again praeciped for writ of execution. Following February 18, 2016 notice to [the Lonczynskis] (sent to their residence and 832 Winters Avenue), a sheriff sale was scheduled for April 1, 2016. [The Lonczynskis] filed several successful motions to stay the sale, but it was eventually held on October 7, 2016. Although [the Lonczynskis] had not previously done so, on the day the sheriff sale was conducted[,] they filed a Petition to Open and/or Strike the December 5, 2012 default judgment.

[Deutsche Bank] filed an answer to [the Lonczynskis'] Petition to Open and/or Strike, and a hearing was held on November 14, 2016. Pertinent to [the Lonczynskis'] request to strike the judgment against them, the parties addressed whether there was a fatal defect on the face of the record. Pertinent to [the Lonczynskis'] request to open the judgment against them, the parties addressed whether [the Lonczynskis] had met the three requirements for opening a default judgment. At the close of the November 14, 2016 hearing, this Court denied [the Lonczynskis'] Petition to Open and/or Strike, and directed that the Sheriff of Luzerne County be permitted to proceed with the recordation of the Sheriff's deed for the subject property.

Trial Court Opinion, 5/25/2017, at 1-3 (record citations and some footnotes omitted). This timely appeal followed.[1]

_____

[1] On December 21, 2016, the trial court ordered the Lonczynskis to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Lonczynskis complied with the court's directive, and filed a concise statement on January 11, 2017.

In their first issue, the Lonczynskis argue the trial court erred in denying their petition to strike the default judgment. *See* Lonczynskis' Brief at 10-12. A petition to strike a judgment "does not involve the discretion of the court." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 918 (Pa. 1997). Rather, a petition to strike "operates as a demurrer to the record … [and] may be granted only for a fatal defect or irregularity appearing on the face of the record." *Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267 (Pa. Super. 2015) (citation omitted). Accordingly, a court's scope of review when considering a petition to strike is limited to "what was in the record when the judgment was entered." *Cintas*, *supra*, 700 A.2d at 917.

Here, the Lonczynskis contend the mortgage at issue had an "incorrect and incomplete legal description since the date [it] was executed." Lonczynskis' Brief at 10. Specifically, they maintain the property line in the legal description "slices right though [their] building and business operations[,]" and a proper title search would have revealed the error. *Id.* Relying on *Trachtenberg v. Glen Alden Coal Co.*, 47 A.2d 820 (Pa. 1946), the Lonczynskis contend Deutsche Bank is not permitted "to expand the legal description to correctly address the actual property acquired." *Id.* at 12. Accordingly, because a fatal defect appears on the face of the mortgage, the Lonczynskis contend the default judgment must be stricken.

The trial court addressed this argument as follows:

- 4 -

[The Lonczynskis] asserted that a fatal defect existed because the legal description of the property appearing on the mortgage did not address the circumstance that a building on the property subject to the mortgage encroaches onto a neighboring property. As addressed at the November 14, 2016 hearing, this encroachment was caused by [the Lonczynskis] themselves. Further, as noted by [Deutsche Bank's] counsel, the legal description appearing on the mortgage matches the legal description on the deed such that all the property owned by [the Lonczynskis] and subject to the mortgage was the subject of the sheriff sale. As such, [the Lonczynskis] failed to show the existence of a fatal defect apparent on the face of the record and their request to strike the judgment was properly denied.

Trial Court Opinion, 5/25/2017, at 3-4 (record citations omitted).

Our review of the record, the parties' briefs, and the relevant case law reveals no error on the part of the trial court in denying the Lonczynskis' petition to strike the judgment. Here, Deutsche Bank agrees that part of the Lonczynskis' business property, which is the subject of this foreclosure action, actually extends over the property boundary line onto the adjoining property.[2] *See* Deutsche Bank's Brief at 9; N.T., 11/14/2016, at 9-10. Nevertheless, it insists this so-called defect is a "red herring" because the description on "[t]he deed and the mortgage match exactly." N.T., 11/14/2016, at 9. We agree. Deutsche Bank foreclosed on the mortgaged property; that is all it was entitled to sell at sheriff's sale.

Further, we find the Lonczynskis' reliance on *Trachtenberg* misplaced.

---

[2] The Lonczynskis' counsel clarified at the November 14, 2016, hearing that the Lonczynskis "own the property next door" where the encroachment occurred. N.T., 11/14/2016, at 11.

In that case, there was a mistake in the description of a mortgaged property, which both the mortgagor and mortgagee agreed should have included two lots, rather than one. ***Trachtenberg***, ***supra***, 47 A.2d at 526. Nevertheless, the mutual mistake was carried through the description in the foreclosure proceedings and subsequent sheriff sale. ***See id.*** at 529. Thereafter, the sheriff sale purchaser requested that an equity court "correct the deed so as to vest in him property which was not expressly included in the mortgage and was not included in the sheriff's advertisement of the property to be sold[.]" ***Id.*** The Pennsylvania Supreme Court held that reformation of the deed, **after** foreclosure and a sheriff's sale, would be "inequitable." ***Id.*** The Court opined:

> The only rule which is compatible with the due administration of justice in such cases is a rule to the effect that after a sheriff's sale of property in a mortgage foreclosure proceeding and after the sheriff's deed is acknowledged and delivered, it cannot be reformed by a court of equity so as to include property not mortgaged and sold.

***Id.*** at 530.

In the case before us, Deutsche Bank has not sought to correct or reform the deed sold at sheriff's sale. Rather, it sought to enforce the default judgment on the property described in the mortgage, which, as the trial court found, "matches the legal description on the deed[.]" Trial Court Opinion, 5/25/2017, at 4. Accordingly, the ***Trachtenberg*** decision has no bearing on the present case, and we agree with the conclusion of the trial court that the Lonczynskis "failed to show the existence of a fatal defect apparent on the

face of the record." *Id.* Therefore, the court properly denied their petition to strike the default judgment.

Next, the Lonczynskis contend the trial court erred when it denied their petition to open the default judgment. Lonczynskis' Brief at 12-15. Our review of an order denying a petition to open is well-settled:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Green Acres*, *supra*, 113 A.3d at 1270 (quotation omitted). Generally, a trial court will open a default judgment if the defendant has:

> (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*US Bank N.A. v. Mallory*, 982 A.2d 986, 994–995 (Pa. Super. 2009). In order to obtain relief, the defendant must establish "all three of the required criteria." *Id.* at 995.

With regard to the first criterion, this Court has explained:

> The timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

*Castings Condo. Ass'n, Inc. v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995).

Furthermore, with regard to the second element, *i.e.*, whether the defendant has provided a reasonable excuse for the failure to file a responsive pleading,

> [o]ur Court has usually addressed the question of legitimate excuse in the context of an excuse for failure to make a timely filing. For example, a reasonable excuse for default existed where a petitioner failed to file a timely answer because his insurance company delayed processing his claim. **Duckson v. Wee Wheelers, Inc.**, 423 Pa.Super. 251, 620 A.2d 1206, 1210 (1993). **See also, Balk v. Ford Motor Co.**, 446 Pa. 137, 285 A.2d 128 (1971) (reasonable excuse for default existed where insurance company mishandled court documents); **Davis v. Burton**, 365 Pa.Super. 160, 529 A.2d 22 (1987) (discussing the difference between reasonable and unreasonable excuses for default where attorneys fail to file a timely answer to a complaint), *appeal denied,* 518 Pa. 655, 544 A.2d 1342 (1988).
>
> This Court has also refused to find a reasonable excuse for default where the petitioner's counsel sent a letter to opposing counsel stating that the petitioner assumed the opponent would not seek a default judgment. **Castings Condominium Ass'n**, 663 A.2d at 224. **See also, McEvilly v. Tucci**, 239 Pa.Super. 474, 362 A.2d 259, 263 (1976) (finding no reasonable excuse where a party sent a letter to opposing counsel expressing the assumption that opposing counsel would not require a responsive pleading, and then "unjustifiably relied" on opposing counsel's lack of response).

**ABG Promotions v. Parkway Pub., Inc.**, 834 A.2d 613, 616–617 (Pa. Super. 2003).

In the present case, the Lonczynskis contend they satisfied all three criteria to justify opening the default judgment. First, although they acknowledge they did not file a petition to open the judgment until October 2016, the Lonczynskis maintain they first made Deutsche Bank aware of the "legal description error as early as March, 2016, less than four months after

the relief from the automatic stay in bankruptcy, th[r]ough the initial Motion to Stay the Sheriff Sale." Lonczynskis' Brief at 13. Therefore, they insist the petition was timely filed as soon as it was discovered by new counsel. **See id.** at 14. Second, the Lonczynskis assert "the failure to promptly file was excused by the automatic stay, thus satisfying the second prong of the test." **Id.** With regard to the third and final criterion, the Lonczynskis insist the legal description error constitutes a meritorious defense. **See id.** at 13-14. Accordingly, they argue the trial court erred in denying their petition to open the default judgment.

The trial court, however, found the Lonczynskis failed to establish the first two criteria for opening the judgment. **See** Trial Court Opinion, 5/25/2017, at 4-5. The court opined:

> As to whether the petition to open/strike was promptly filed, [the Lonczynskis'] counsel asserted that Defendant John Lonczynski's bankruptcy stayed the matter, and that [the Lonczynskis] made monthly payments to [Deutsche Bank] once the stay was lifted and believed that there was an understanding between the parties. [The Lonczynskis'] counsel did not directly address whether there was a reasonable excuse or explanation for [the Lonczynskis'] failure to file a responsive pleading, and he acknowledged that because he only became involved in the matter in March of 2016, he could "not speak for the time between 2012 and 2016." [Deutsche Bank's] counsel responded that Defendant John Lonczynski had four months *before* he filed bankruptcy during which he could have acted, and further, that Defendant Ann Marie Lonczynski was not impacted by bankruptcy, since she never filed such a proceeding. As such, the record supports this Court's determination that [the Lonczynskis] are not entitled to have the December 5, 2012 judgment against them opened because they failed to show that their October 7, 2016 petition was promptly filed, and failed to show that they had a reasonable excuse or explanation for failing to file a responsive pleading.

*Id.* at 4-5 (emphasis in original).

Again, we find no basis to disturb the ruling of the trial court. With regard to whether the Lonczynskis promptly filed their petition, we note that while the bankruptcy action stayed the matter, the Lonczynskis took no action during the four months between December 5, 2012, when the judgment was entered, and April 4, 2013, when John Lonczynski filed for bankruptcy. Moreover, even after the bankruptcy stay was lifted in November of 2015, the Lonczyskis did not file their petition to open until nearly a year later, in October of 2016.[3] Accordingly, the court did not abuse its discretion in determining the petition was not promptly filed. **See Castings Condo.**, *supra*, 663 A.2d at 223 (finding no abuse of discretion when trial court determined delay of three months between entry of judgment and filing of petition to open did not constitute prompt filing; stating, "[i]n cases where we found a 'prompt' and timely filing of the petition to open a default judgment, the period of delay was normally less than one month.").

Furthermore, as the trial court explained, the Lonczynskis provided no explanation for their initial failure to respond to the complaint, which led to the default judgment. Indeed, they contend the failure to promptly file **the**

_____

[3] Although the Lonczynskis maintain they alerted Deutsch Bank to the legal description error in their motion to stay the sheriff sale filed "less than four months after the relief from the automatic stay in bankruptcy," they provide no authority to support a claim that such notice satisfies the prompt filing requirement to justify the opening of a default judgment. Lonczynskis' Brief at 13.

**petition to open** was excused by the bankruptcy stay. ***See*** Lonczynskis' Brief at 14. However, this argument misconstrues the "reasonable excuse" prong. "The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for **failure to respond to the original complaint** in a timely fashion." ***US Bank N.A.***, ***supra***, 982 A.2d at 995 (emphasis supplied) (holding appellant's claim that she was "unsophisticated in legal and financial matters" and did not seek counsel until after judgment was entered did not provide a reasonable excuse to open the judgment). Here, as noted above, the Lonczynskis provided no explanation for their failure to respond to the original complaint. Consequently, because the Lonczynskis failed to establish the first two criteria for opening the default judgment, we need not consider whether they set forth a meritorious defense, and their second claim fails. ***See US Bank N.A.***, ***supra***, at 997 (holding "even assuming Appellant pleaded a meritorious defense, the trial court properly denied Appellant's petition to open the default judgment" when she failed to establish the petition was promptly filed, and neglected to provide a reasonable excuse for her failure to respond to the initial complaint).

Accordingly, because we find no error or abuse of discretion on the part of the trial court in denying the Lonczynskis' petition to open and/or strike the default judgment, we affirm the order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/26/2018